JOHN H. McKELVY, Administrator, Appellee, v. BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY, Appellant.

Railroads: CROSSING AT PUBLIC HIGHWAY: NEGLIGENCE: LIABILITY. Under the provisions of section 1288 of the Code, making railway companies liable to persons injured through the neglect of the former to properly construct and maintain good and sufficient and safe crossings and cattle guards at all points where a railway track crosses a public highway, and providing that "In order for the person injured to recover, it shall only be necessary for him to prove such neglect;" a railroad company is not liable for injuries sustained at such crossing from causes other than its neglect to comply with the provisions of the statute.

*Appeal from Lyon District Court.*—HON. G. W. WAKEFIELD, Judge.

MONDAY, FEBRUARY 1, 1892.

THIS is an action to recover damages for a personal injury. There was a judgment for the plaintiff, and the defendant appeals.—*Reversed.*

*Van Wagenen & McMillan* and *S. K. Tracy,* for appellant.

*E. C. Roach,* for appellee.

GRANGER, J.—On the night of October 24, 1889, the plaintiff's intestate, William J. Webber, while crossing the defendant's railway on a public crossing with his team and wagon, was killed by driving off the embankment or approach from the highway to the

railroad.   This action was brought in behalf of his
estate, and is based on the alleged acts of negligence by
the company to properly construct and maintain such
crossing.    The following are the provisions of the Code:

"Section 1262.   Any such corporation may raise
or lower any turnpike, plank-road or other highway for
the purpose of having its railway cross over or under
the same; and in such cases said corporation shall put
such highway, as soon as may be, in as good repair and
condition as before such alteration."

"Section 1288.   Every corporation constructing or
operating a railway shall make proper cattle guards
where the same enters or leaves any improved or fenced
land, and construct, at all points where such railway
crosses any public highway, good, sufficient and safe
crossings and cattle guards, and erect at such points, at
a sufficient elevation from such highway to admit of
free passage of vehicles of every kind, a sign, with
large and distinct letters placed thereon, to give notice
of the proximity of the railway, and warn persons of
the necessity of looking out for the cars; and any rail-
way company neglecting or refusing to comply with the
provisions of this section shall be liable for all damages
sustained by reason of such neglect and refusal; and in
order for the injured party to recover, it shall only be
necessary for him to prove such neglect or refusal."

The district court, in separate paragraphs, instructed
the jury as to a right of recovery under these sections,
holding that the issues presented a cause of action under
each; and as to a right of recovery under section 1262
the court said, "Under this statute and paragraph the
plaintiff cannot recover if the evidence discloses that
any negligence on the part of the said William J. Webber
contributed to produce the injury."    As to a right
of recovery under section 1288 the court, after stating
the facts that would render the company liable because
of a neglect to properly make and keep the crossing in
good repair, said:    "Contributory negligence is not a

defense under this statute and paragraph." An assignment of error brings in question the latter clause of the instruction. In the instruction the court said to the jury: "If you find from the evidence that the defendant, at and prior to the time in question, had neglected to make and keep the crossing in question good, sufficient and safe, and that said William J. Webber was injured and killed at said crossing, as alleged in the petition, and that his death was occasioned by reason of the neglect of the defendant to make and keep said crossing good, sufficient and safe, then you will find for the plaintiff." No other reference is made to the question of the plaintiff's negligence; and from the instruction the jury would rightly understand that the plaintiff's negligence, however great, would not be a defense.

This view of the law is based on the language of section 1288, as follows: "And any railway company neglecting or refusing to comply with the provisions of this section shall be liable for all damages sustained by reason of such neglect and refusal, and, in order for the injured party to recover, it shall only be necessary for him to prove such neglect or refusal." The plain import of the language is that, if the plaintiff proves that he was injured at the crossing, and that the company had neglected to properly construct it, the law will presume that the injury was the result of the neglect. The language of the section only makes the company liable when damages result "by reason" of neglect. Nor is it certainly competent for the defendant to show that the injury was not by reason of the neglect. And let us suppose Webber intentionally drove off the embankment and was killed; there surely could be no recovery in such a case. The injury would not be by reason of the company's neglect; nor would it be in any case where, if there had been no such neglect by the company, the accident would have happened. The complaint in this case is that the

approach was not of sufficient width. Now, if the evidence should show that, with the approach of sufficient width, the accident would have happened because of the intoxication or negligence of Webber, it would surely be conclusive that it did not happen by reason of the company's neglect in leaving the approach as it now is.

It is thought by the appellee that there is no evidence tending to show negligence on the part of Webber, but in that view we cannot concur. Without any intimation as to the conclusion to be drawn from the evidence on that subject, it does appear to be in conflict, and to an extent that the jury might have found that without any neglect on the part of the company the accident would have happened. There is evidence tending to show that Webber was intoxicated, and that for some distance before reaching the place of the accident he was driving outside of the wagon track, and over a surface that would indicate to one of ordinary observation that he was not in the road, and that he so continued to drive to the place of the injury. Webber was alone, and there is no living witness to testify as to how the injury occurred. The court gave to the jury no rule for the application of the fact of Webber's negligence, if he was negligent; but, on the contrary, it seems to exclude it, as having no bearing on the case as applicable to a recovery under section 1288.

The court used the term "contributory negligence." Such negligence, strictly speaking, is negligence that operates with other negligence in producing a result, and it is not our purpose to hold that proof of such negligence would excuse the defendant company from liability, for the language of section 1288 seems to exclude such a rule. As no other instruction was given bearing on the question of negligence, it seems to us that the effect of the court's instructions is to fix an absolute liability on a railway company in a case

where there is neglect in making such a crossing and an injury occurs. The statute certainly means no more than it says,—that the company is liable when damage results by reason of its neglect. The statute gives to the plaintiff the benefit, upon limited proofs, of a presumption that the damage was by such reason. Such a presumption may be overcome by proofs showing that the damage was the result of other causes, including that of the plaintiff's negligence. We think the court, in excluding the rule of contributory negligence, should have given the law as to the effect of negligence as a defense, and that without it the instruction was misleading and prejudicial. We are cited by the appellee to the cases of *West v. Chicago & N. W. Ry. Co.*, 77 Iowa, 654, and *Engle v. Chicago, M. & St. P. Ry. Co.*, 77 Iowa, 661, wherein we placed a construction upon quite similar language in Code, section 1289; but it will be observed that our holding in this case in no way conflicts with the rule announced in those cases.

We do not find it necessary to consider other assignments, and the judgment is REVERSED.