John H. McKelvy, Administrator, Appellant, v. The
Burlington, Cedar Rapids & Northern Railway
Company.

Harmless Error: EVIDENCE. Where defendant admits the expect-
ancy of deceased and the past annual value of his services after
his widow testifies to his industrious habits, it is harmless to
exclude evidence of the size of deceased's farm and as to whether
he accumulated his property after marriage. 84 Iowa, 455,
*reversed.*

*Appeal from Lyon District Court.*—Hon. F. R. Gaynor,
Judge.

Wednesday, May 22, 1895.

Action at law to recover damages for the death of
plaintiff's intestate, which, it is alleged, was caused by
the negligence of the defendant. There was a trial by
jury, and a verdict and judgment for the plaintiff for
five hundred dollars. The plaintiff appealed.—
*Affirmed.*

*E. C. Roach* for appellant.

*McMillan & Dunlap* and *S. K. Tracy* for appellee.

Rothrock, J.—I. The plaintiff is the adminis-
trator of the estate of William J. Webber, deceased, who
came to his death by driving a team off an embankment
on a public road, over the crossing of the defendant's
railroad, at a place near the village of Larchwood, in
Lyon county. The deceased was driving a team of
horses to a wagon, with another wagon attached
thereto as a trailer, in the night; and before and after
crossing the railroad the team left the traveled track

in the public road, by reason of which the wagon on which deceased was riding was turned over, and he was instantly killed. The ground upon which recovery is sought is that the embankment in the highway, which was a necessary approach to the crossing, was narrow, insufficient, and unsafe, by reason of which the wagon and team were precipitated down the embankment, thereby causing the death of said Webber. The case was once before tried in the district court, which trial resulted in a verdict and judgment for the plaintiff, from which defendant appealed to this court, and the judgment was reversed. 84 Iowa, 455. The question determined upon the former appeal pertained to the right of the defendant to show that the deceased came to his death by reason of his own negligence. It was held that such a defense might be interposed, and the judgment was reversed because the district court, by its instructions to the jury, held that the negligence of the deceased was not a defense to the action. In the last trial the court followed the rule announced by this court on the former appeal, and there is no just ground of complaint as to the correctness of the instructions.

II. An opinion was filed in the case at a former term, reversing the judgment. 58 N. W. Rep. 1068. A petition for rehearing was presented, which was granted; and, after a thorough re-examination of the record, we have concluded that the ground upon which the cause was reversed, and the reason therefor, cannot be sustained. It was held in the former opinion that the court erred in sustaining objections to certain questions propounded to the widow of the deceased when under examination as a witness, by which it was sought to show how much of a farm deceased owned, and that the property which he owned at his death was

accumulated since his marriage. The witness was permitted to state that her husband was a very industrious man, always carefully looking after his business affairs, and was saving and economical, and always managed affairs on his farm. Before any witness was examined as to the value of the services of the deceased to his estate, the following admission was made of record: "It is admitted that the expectancy of deceased, William J. Webber, was twenty-one years, at time of his death, he being fifty years of age; also admitted that the plaintiff's testimony would show the value of services of deceased to be $1,000 per year." The measure of damages in cases like this is the pecuniary loss to the estate of the deceased, or pecuniary compensation to the estate for the loss of the services of the deceased. Now, under the admission made of record, every proper fact was considered which was necessary to estimate the pecuniary loss to the estate. The expectancy of life was twenty-one years, and the value of the services one thousand dollars per year. In addition to this, the testimony of the widow as to the industrious habits of the deceased was admitted without question. In this state of the record, the sustaining of objections to the questions as to the number of acres in his farm, and whether he had accumulated his property since his marriage, was, if error, without prejudice to the plaintiff. It is true that the admission of record shows that the plaintiff's testimony would show the value of the services of the deceased was one thousand dollars a year, and under this admission the defendant would not be precluded from showing a sum less than that. But the defendant introduced no evidence on that subject, and under the admission—made, no doubt, to obviate the necessity of calling witnesses, as it was the second trial of the case—the plaintiff had the right to go to the jury, and

claim that the value of the services was admitted. And the same may be said of the refusal of the court to permit the plaintiff to testify to the value of the estate. And it appears to us the last-named ruling was correct, because it was not shown that the witness had any knowledge of the value of the property.

III. It is claimed that the verdict is not supported by the evidence, because it is for too small an amount. It was said in the opinion in the former appeal that "there is evidence tending to show that Webber was intoxicated, and that for some distance before reaching the place of the accident he was driving outside of the wagon track, and over a surface that would indicate to one of ordinary observation that he was not in the road, and that he so continued to drive to the place of the injury." The same evidence was introduced on the last trial, and this, no doubt, was the reason why the verdict was for the sum of five hundred dollars. In all this class of cases the damages are not capable of accurate estimation. The amount is largely in the discretion of the jury. The evidence on the last trial leaves but little doubt that the deceased came to his death by reason of his intoxication, and inability to properly drive and direct the course of his team; and we are not disposed to interfere with the verdict of the jury, in view of all the facts, especially as it passed the scrutiny of the learned district judge before whom the case was tried, and who saw and heard the witnesses who testified on the trial. The judgment of the district court is *affirmed.*