CHARLES J. McCARTHY BY MARY JENNINGS, his next friend, Appellant, v. M. J. MULGREW.

**Master and Servant:** RISK OF EMPLOYMENT. A boy fifteen years of age who without objection or promise of repair works for three years with a machine with revolving iron rollers placed within three-quarters of an inch of each other, assumes the risk incident to its use and waives any defects therein.

SAME. The danger of using a machine with unguarded revolving rollers three-fourths of an inch apart is so obvious that the master need not warn a servant of it.

EVIDENCE. In an action for injuries to a servant caused by his falling on the revolving rollers of a machine, it was not error to refuse plaintiff permission to testify whether defendant warned him of the danger of certain exposed gearings, since the gearings did not cause the injury.

SAME. Evidence that some machine of the kind alleged to have caused a servant's injury was out of repair a year prior to the accident does not show that a certain one which did cause injury was out of repair at the time of the accident.

_Appeal from Dubuque District Court._—Hon. J. L. Husted, Judge.

SATURDAY, DECEMBER 17, 1898.

ACTION at law to recover damages for injuries sustained by plaintiff, McCarthy, a servant of the defendant, in coming in contact with what is known as a "brake"; a machine used by bakers for the purpose of kneading dough. The negligence alleged is that the rollers of the brake were not properly guarded; that plaintiff, when injured, was a minor of about eighteen years of age, in the employ of defendant as an apprentice; and that while at work at his trade, and while drawing a trow containing dough to the brake, in order that it might be kneaded, he slipped and fell against and onto the brake, his left arm passing in front of the rollers of the brake, which were three-fourths of an inch apart, and, being drawn into and between the same, was crushed, mangled, and torn and plaintiff thereby permanently crippled and injured. It is further averred that the castors underneath the trow were out of repair, and in a defective and dangerous condition; that plaintiff did not know of their condition; and that, while rolling the trow towards the brake the same suddenly stopped by reason of the defective castors, and he, losing his hold, was thrown against and onto the brake, as before stated. He further states that defendant negligently failed to supply the trow with handles or any other means of moving it. Further, he says that he was young and inexperienced at the work, and that his master neglected to inform him of the dangers connected therewith. The defendant denied all negligence; pleaded that the brake was the kind usually and universally used in bakeries; that its rollers could not be guarded; that plaintiff knew of its condition, and, without objection or protest, used the same for three years or more prior to his injury; and that he thereby assumed the risk incident to its use, and waived any defects therein. Defendant

further pleaded contributory negligence on the part of plaintiff, and assumption of risk and waiver in the use of the trow. On the issues thus joined, the case was tried to a jury, .and, at the conclusion of the plaintiff's evidence, the court directed a verdict for defendant. Plaintiff appeals.— *Affirmed.*

*Matthew & Barnes* and *R. F. Jess* for appellant.

*Henderson, Hurd & Kiesel* for appellee.

DEEMER, C. J.—The alleged defective condition of the brake seems to be abandoned on this appeal, and the sole question with reference to the machine is whether or not defendant was negligent in not informing plaintiff of the dangers incident to its use. Counsel contend that, by reason of plaintiff's youth and inexperience, it was defendant's duty to warn him of the dangers of the brake. The rule upon which they rely has no application to the case, for the reason that the danger was so obvious and patent that his employer was under no obligation to inform him of it. The danger from the use of a machine with revolving iron rollers placed within three-fourths of an inch of each other is so apparent that any boy of fifteen years of age would see it. When one, without objection or promise of repair, works for three years with a machine which is dangerous, and which he knew, or by the exercise of ordinary care ought to have known, was dangerous, he waives the defect, and, if injured, cannot ordinarily recover. *Muldowny v. Railroad Co.,* 39 Iowa, 615, and cases cited. Again, the duty of the master to instruct and warn the servant only arises as to dangers which the master knows or has reason to believe the servant is ignorant of. It does not arise as to dangers known to the servant, or that are so open and obvious as that, by the exercise of ordinary care, he would know of them. *Yeager v. Railway Co.,* 93 Iowa, 1; *Newbury v. Manufacturing Co.,* 100 Iowa, 441. It is clear that plaintiff cannot recover for any negligence in the use of the brake.

II.   As to the alleged defective castor in the trow which plaintiff was using at the time of the accident, we are of opinion that there was not sufficient evidence, either of defect in the trow; or of the defect, if there was one, being the cause of the injury, to take the case to the jury. There is evidence, it is true, that some trow was out of repair a year before the accident, but no proof that this was the trow which plaintiff was using at the time he was injured. Again, the evidence shows that the trow stopped because of some obstruction on the floor. Plaintiff's case in these particulars is based almost wholly upon surmise and speculation. In this respect it is quite like *Sorenson v. Pulp Co.,* 56 Wis. 338 (14 N. W. Rep. 446). Moreover, if the trow which caused the accident was defective, and had been so for more than a year, plaintiff knew of it; or, if he did not know of it, it was due to his own negligence and want of observation.

III.   The court refused to allow plaintiff to state whether or not defendant ever told him how to operate the brake, and warned him of the exposed gearings. This ruling was correct. Plaintiff was not injured by the gearing; and the evidence shows that plaintiff, after three years of experience, knew exactly how to operate the machine. Again, if there was error, it was without prejudice, for the reasons stated in the first division of this opinion.

Other rulings on the admission and rejection of evidence are complained of. As a rule, they were correct. Where incorrect they were clearly without prejudice. From our point of view, the injury received by plaintiff was clearly an accident, for which no one is responsible. In its facts it is quite like the following: *Tinkham v. Sawyer,* 153 Mass. 485 (27 N. E. Rep. 6); *Buckley v. Manufacturing Co.,* 113 N. Y. App. 540 (21 N. E. Rep. 717); *Young v. Mattress Co.,* 79 Iowa, 415; *McKee v. Railroad Co.,* 83 Iowa, 616. The ruling of the court directing a verdict for defendant was clearly correct, and the judgment is AFFIRMED.