A. G. SUTTON, Appellant, v. DES MOINES BAKERY COMPANY.

**Master and servant:** NEGLIGENCE: STATUTORY PROVISIONS. The com-
1  mon law duty of a master to properly guard the rollers of a machine with which a servant is employed is not enlarged by Sec. 4999b, Code Supplement. Under the evidence negligence of the master in failing to provide suitable guards, and whether

the danger was such that, to a person incapable of appreciating it, warning should have been given were properly questions for the jury.

Same: ASSUMPTION OF RISK: EVIDENCE. Although it may be the
2 duty of a master to provide suitable guards to protect a servant from injury by machinery with which he is employed, or to give warning of the danger, still if the servant knows of the absence of such protection and, as a reasonably prudent person, is charged with knowledge of the danger in continuing the service without such protection, he assumes the risk; and this is so even though the master's neglect is in violation of a statutory duty. Under the evidence the servant is held to have assumed the risk incident to cleaning the rollers of a bakery.

Contributory negligence. Where a servant's danger is plain and
3 obvious to him he is guilty of contributory negligence in not avoiding it.

Same: BURDEN OF PROOF. One sueing for an injury on the ground
4 of negligence in failing to furnish him with safe appliances is not relieved, by statute, of establishing freedom from contributory negligence.

*Appeal from Polk District Court.*— HON. A. H. McVEY, Judge.

. WEDNESDAY, JULY 3, 1907.

ACTION to recover damages for personal injuries received by plaintiff while in defendant's employ, and alleged to have been due to defendant's negligence. There was a directed verdict for the defendant, and from judgment thereon plaintiff appeals.— *Affirmed.*

*Thos. A. Cheshire,* for appellant.

*Clark & McLaughlin,* for appellee.

McCLAIN, J.— At the time of receiving the injury for which recovery is sought plaintiff, as defendant's employé, was in charge of a machine consisting of two steel rollers, six or eight inches in diameter, and about two feet long,

through which it was his business to feed dough for the purpose of kneading it; the operation consisted in putting a batch of dough on a slanting board facing the operator, down which it would slide and pass through the rollers, and be deposited on a platform beneath, from which the operator would take it, and throw it again on the slanting board above, repeating the operation as often as was necessary to bring the dough to the proper consistency. After a batch of dough was thus kneaded, it was necessary to clean the rollers by means of a flat piece of steel with a handle, by which it was held against the face of the roller while revolving, thus scraping off the adhering dough. While plaintiff was thus holding the scraper against the front part of the roller next to him, which moved upward in its revolution, his scraper was caught in some way, and his hand was thrown upward and backward against the slanting board, and by reason of a movement of his body his hand was caught and drawn downward between the revolving roller, so as to be crushed. There are numerous allegations of negligence, which may for convenient discussion be divided into two grounds of complaint: First, that defendant did not furnish plaintiff a safe place to work or safe machinery and appliances with which to do his work; and, second, that it failed to instruct plaintiff how to perform the work without danger. The defendant denied negligence on his part, and affirmatively pleaded assumption of risk and contributory negligence on the part of plaintiff.

I. The defect in the machinery which the plaintiff sought to establish was that there was no hood over the front roller, as there should have been to prevent plaintiff's hand as it was thrown upward by the movement of the roller when the scraper was caught by some obstruction upon it from being carried over and caught between the two rollers. As this danger was the only one relied upon as rendering the place where plaintiff was working an unsafe place to work,

1. MASTER AND
SERVANT:
negligence:
statutory
provisions.

the unsafety of the place and the defect of the machine constituted but one ground of alleged negligence. It is contended for plaintiff that the failure to provide such a safety appliance was in violation of the provisions of chapter 149, Acts of 29th General Assembly (Code Supp., 1902, section 4999b). The only language found in the statute which seems to have any bearing on the duty of the defendant in this respect is in section 2 of the Act, where this language is found:

It shall be the duty of the owner, agent, superintendent or other person having charge of any manufacturing or other establishment where machinery is used, to furnish and supply or cause to be furnished and supplied therein, belt shifters or other safe mechanical contrivances for the purpose of throwing belts on and off pulleys, and wherever possible, machinery therein shall be provided with loose pulleys; all saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description therein shall be properly guarded.

With reference to the present case, the only direction in the statute having any application is that " all . . . machinery of every description . . . shall be properly guarded." It is difficult to see how this statute imposes any greater duty upon the defendant than that which would rest upon it without special statute.

The defendant would be negligent if it failed to properly guard these rollers for the purpose of preventing injury that would otherwise be likely to result to an employé, and it may be conceded that, on the question of defendant's negligence, it would have been proper to submit to the jury the issue as to whether the failure to provide a safety hood was negligence under the circumstances. Similar considerations apply to the complaint that defendant failed to advise the plaintiff of the danger incident to the operation in which he was engaged, and the means of avoiding such danger. It was, no doubt, a question for the jury whether the danger

was such that as to a person not capable of appreciating it some warning or caution was proper.

II.   But, conceding that there was a question for the jury as to whether defendant was negligent in these respects — i. e., as to whether a safety hood should have been supplied and whether an employé not familiar with the danger should have been warned — it still remains to be determined whether there was any liability of the defendant on account of those omissions to this plaintiff.   If plaintiff knew of the absence of a safety hood, and was, as a reasonably prudent man, charged with knowledge of the danger to him in continuing in his employment in the absence of such a safety hood, then he assumed the risk, and defendant is not liable to him for the injury which he suffered.

2. SAME: assumption of risk: evidence.

Now, it appears that plaintiff had previously been employed for some time in another bakery, operating a similar machine which was supplied with a safety hood, and he tes- tified that during the four or five days of his employment in defendant's bakery in charge of the machine which caused him the injury he noticed, as he could not have failed to notice, that no safety hood was provided.   If he was aware of the danger to himself incident to the operation of the machine without such safety hood, he must be charged with having assumed the risk.   That he must have been aware of this danger is perfectly plain.   It was open and obvious. Plaintiff was twenty-three years of age, a graduate of a high school, and had taken four terms of instruction at the Iowa State Agricultural College in the electrical engineering department.   During his course as a student in the Agricultural College, he had worked with lathes in the shops and with other machinery that revolved very rapidly.   He had had experience in holding a chisel against pieces of wood that were put in a frame and caused to revolve, and had made rollers of them, and things of that kind.   He had also worked in the foundry where there was machinery, and in

the forge or blacksmith shop.  If with this experience and
education he was not familiar with the danger of having his
hand thrown upward and backward if his scraper would
catch on the face of the roller, then no one was likely to be
aware of such danger, and the defendant itself could hardly
be held charged with knowledge thereof.  Plaintiff testified
that he did not know at the time he was working with this
machine that, if the scraper did catch and his hand was
thrown back against the surface of the slanting board, the
jostling or movement of his body would cause it to be thrust
in between the cylinders; but this statement was a mere con-
clusion.  He knew as much about the danger as any one
could know, and, as a reasonably prudent person with knowl-
edge of all the circumstances, he was charged with knowledge
of the results that might follow from his scraper being
caught by some substance adhering to the face of the roller.
The very purpose of holding the scraper against the roller
was to remove such substances.  We think this was a plain
case of assumption of the risk of any danger involved in the
neglect of the defendant to furnish a safety hood.  *McCar-
thy v. Mulgrew,* 107 Iowa, 76; *Blom v. Yellowstone Park
Ass'n,* 86 Minn. 237 (90 N. W. 397).

Conceding, as we may for the purpose of this discussion,
that the duty to furnish a safety hood was a breach of a
statutory duty, nevertheless plaintiff was not absolved from
the consequence of the voluntary assumption of the risk con-
sequent upon the breach of such statutory duty.  *Martin v.
Chicago, R. I. & P. R. Co.,* 118 Iowa, 148; *St. Louis Cord-
age Co. v. Miller,* 126 Fed. 495 (61 C. C. A. 477, 63 L. R.
A. 551).  Involved in assumption of risk is the complaint
that defendant did not advise plaintiff of the danger inci-
dent to his employment.  Conceding that the danger may
have been such that as to an inexperienced employé or any
one incapable of reasonably comprehending it there might
have been a duty to warn, no such duty arose here as to
plaintiff, for to a person of maturity and experience no duty

to warn was involved. It is inconceivable that by any warning the defendant could have advised plaintiff of a peril not plainly open and obvious to him as a reasonably·prudent person. *McCarthy v. Mulgrew,* 107 Iowa, 76; *Hanson v. Hammell,* 107 Iowa, 171; *Sullivan v. Simplex Electrical Co.,* 178 Mass. 35 (59 N. E. 645).

III. While assumption of risk and contributory negligence are distinct grounds for the avoidance of liability for negligence, the facts constituting assumption of risk are often

3. CONTRIBUTORY NEGLIGENCE. the same as those which establish contributory negligence, and it is so here. If the danger to which plaintiff was subject was one plain and obvious to him, he was guilty of contributory negligence in not avoiding it. There is nothing to indicate that his attention was diverted, or that he could not in the exercise of reasonable care have escaped the peril of having his hand fall in between the revolving rollers. It is said that the slanting feed board was an appliance with which he was not familiar while previously working in another establishment with a similar machine; but the danger of his hand slipping down the face of this board if thrown against it was a perfectly obvious danger, and one which he should have taken into account, and he should not have so held his scraper that his hand might be thrown against it. All that·was necessary to escape this danger was to exercise reasonable care with reference to the situation.

It is contended for appellant that, where injury results from the breach of a statutory duty on the party of defendant, the obligation to show freedom from contributory negli-

4. SAME: burden of proof. gence as a part of plaintiff's affirmative case is removed, and that it is for the defendant to show such negligence on plaintiff's part in order to escape liability. *See v. Wabash R. Co.,* 123 Iowa, 443; *McKelvy v. Burlington, C. R. & N. R. Co.,* 84 Iowa, 455; *Reeves v. Dubuque & S. C. R. Co.,* 92 Iowa, 32. These cases relate to the breach of duty on the part of a

railroad company to furnish a safe crossing, and the provision of the statute is (Code, section 2054) that " any railroad company neglecting to comply [with the statutory provisions requiring a sufficient and safe crossing to be furnished] shall be liable for all. damages sustained by reason of such refusal or neglect, and it shall only be necessary in order to recover for the injury to prove such neglect or refusal." It will be noticed that there is here a specific provision as to what plaintiff shall be required to establish in order to make out a case of recovery. There is no such express provision in the portion of the Factory Act to which attention has already been called in this opinion. No authorities are called to our attention in which it has been held that the mere statutory declaration of a duty on the part of an employer changes the rule as to contributory negligence where recovery is sought on account of such breach of duty. In *Bromberg v. Evans Laundry Co.,* 134 Iowa, 38, we held that under another portion of the Factory Act prohibiting the employment of persons under sixteen years of age or females under eighteen years of age to clean machinery while in motion (29th General Assembly, chapter 149, section 2; Code Supp. 1902, section 4999b) a presumption of incapacity on the part of persons under the specified age arises, and that the question of assumption of risk or contributory negligence must go to the jury. But with regard to the duty to furnish safety appliances, there is no such specific provision; and the ordinary rules with regard to contributory negligence must be applicable.

The evidence in behalf of the plaintiff did not make out any case which it would have been proper to submit to the determination of the jury, and the judgment of the court on a directed verdict for defendant is *affirmed.*

WEAVER, J.— Without dissenting from the conclusion reached in the foregoing opinion, I do not wish to be bound by the proposition as to the application of the doctrine of assumption of risk by the servant of a master who violates a statute expressly requiring the use of safety appliances.