Joseph KENNEDY, Appellant,

v.

R. C. BENNETT, d/b/a Bennett Lumber
Company, Appellee.

No. 15998.

United States Court of Appeals
Eighth Circuit.

Nov. 5, 1958.

Richard M. McMahon and R. Richard Bittner, Davenport, Iowa (John E. Murphy, Clinton, Iowa, on the brief), for appellant.

Robert V. P. Waterman and Larned A. Waterman, Davenport, Iowa (Otto C. Bauch and Lane & Waterman, Davenport, Iowa, on the brief), for appellee.

Before JOHNSEN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

In this personal injury action, plaintiff has appealed from the order of the court entering summary judgment in favor of the defendant. Jurisdiction is based on diversity of citizenship and the amount in controversy. For the purpose of this appeal, it is conceded that plaintiff's status was that of a business invitee.

The material allegations of plaintiff's petition are that on February 28, 1955, he was employed by the Allais Construction Company as a carpenter; that on said date plaintiff went to the office of the defendant company in Clinton, Iowa, for the purpose of obtaining certain lumber to be used by plaintiff's employer in the construction of houses; that plaintiff was instructed by defendant to "rip" the lumber desired on the table saw owned by defendant and set up in its establishment; that while plaintiff was in the process of ripping one of the boards, it came in contact with the top of the saw and was thrown backwards into plaintiff, causing him to fall forward, so that his right hand fell upon, and was partially cut off by, the revolving saw. Plaintiff pleaded nine allegations of negligence, but in view of the grounds designated by the court in entering the summary judgment, the negligence relied on is unimportant. The issues were joined

by defendant's answer wherein the allegations of negligence were denied, and as affirmative defenses, the answer pleaded that plaintiff was guilty of contributory negligence, and that he had assumed the risk in the premises.

The record discloses that after the issues were joined, the deposition of plaintiff was taken by the defendant. Thereafter, and on March 4, 1958, defendant filed its motion for summary judgment, incorporating therein by reference plaintiff's deposition, wherein, and as a basis for said motion, it was alleged that under Iowa law, plaintiff was guilty of contributory negligence, or had assumed the risk as a matter of law. On March 6, 1958, the Court entered this order: "Set for trial on motion and the case." However, on March 14, 1958, and without further hearing, the Court entered an order sustaining defendant's motion for summary judgment, wherein it is recited, *inter alia:*

"The Court further finds that there is no genuine issue as to any material fact on the questions of plaintiff's contributory negligence and assumption of risk, and that as to such questions, defendant is entitled to judgment as a matter of law.

"The Court concludes that the facts and admissions contained in said deposition establish as a matter of law that plaintiff was guilty of both contributory negligence and assumption of risk in the premises."

In substance, plaintiff contends that the court fell into error in granting summary judgment to defendant for the reason that the deposition of plaintiff conclusively establishes that there is a genuine issue as to material facts. This contention must be sustained.

This Court has reviewed the awarding of summary judgments under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., in a number of cases, as the result of which the principles to be applied in determining the correctness of the court's action have been clearly defined. They are fully announced in Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213, at page 216, as follows:

"A summary judgment is to be entered in a case if, but only if, the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. A summary judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance beyond all doubt. To warrant its entry the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances. Ramsouer v. Midland Valley R. Co., D.C.Ark., 44 F.Supp. 523, reversed on other grounds, 8 Cir., 135 F.2d 101. A summary judgment is an extreme remedy, and, under the rule, should be awarded only when the truth is quite clear. American Insurance Company v. Gentile Brothers Company, 5 Cir., 109 F.2d 732; Shultz v. Manufacturers & Traders Trust Company, D.C.N.Y., 1 F.R.D. 451; Drittel v. Friedman, D.C.N.Y., 60 F.Supp. 999; United States ex rel Ryan v. Broderick, D.C.Kan., 59 F. Supp. 189. And all reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167."

See also Caylor v. Virden, 8 Cir., 217 F. 2d 739, 741; Sprague v. Vogt, 8 Cir., 150 F.2d 795, modified, 8 Cir., 164 F.2d 312; Ramsouer v. Midland Valley R. Co.,

8 Cir., 135 F.2d 101; Burgert v. Union Pacific Railroad Company, 8 Cir., 240 F.2d 207; Northwestern Auto Parts Co. v. Chicago B. & Q. R. Co., 8 Cir., 240 F.2d 743, certiorari denied, 355 U.S. 815, 78 S.Ct. 16, 2 L.Ed.2d 32; Elbow Lake Coop. Grain Co. v. Commodity Credit Corp., 8 Cir., 251 F.2d 633; Realty Investment Co. v. Armco Steel Corp., 8 Cir., 255 F.2d 323.

Factual support for the court's action must be found in the order entered on pretrial conference and plaintiff's deposition. From the former it appears that plaintiff admitted familiarity with and former use of defendant's saw on numerous occasions. The deposition reveals these essential facts: Plaintiff was forty-eight years old and had followed the carpentry trade approximately thirty years; on the date of the occurrence he was employed by the A. and M. Construction Company, which was engaged in building homes in Clinton, Iowa. On the day in question he went to defendant's place of business to pick up a load of mill work. When he arrived at the office of the defendant company, the office man stated: "You know where it is. Go in and get it." Plaintiff then went to the lumber yard where the lumber was stacked, where, he testified, he "took the door jams (sic) down from where they were stacked and took them back to the ripsaw and started to rip the lumber." Plaintiff admitted that he had used the ripsaw in question "seven, eight, maybe nine times before." He had also observed other non-employees of Bennett Lumber Company using the same saw. The saw was on a flat table, approximately four by six feet in size, with the saw blade on a mandrel running through the center of the blade. It was about thirty inches high and was operated by a three horse-power motor. Plaintiff testified that although he had seen a guard on the saw, on the prior occasions when he operated the saw, and assisted others in operating the saw, there was no guard on it, and that he had observed others using the saw without a guard. His testimony also indicated that for some time prior to the date of the accident, he had not seen the guard at all, and that on February 28, 1955, the guard was nowhere in sight. In his words, "It was the only way you could do it. There was no guard there." Plaintiff did not request any employee of defendant to place the guard or divider on the saw prior to the time he started using it on the day he was injured, or for that matter, on prior occasions. Plaintiff stated that he was "pretty familiar" with the operation of that type of saw, and knew the behavior of wood "when it is going through a saw." The lumber that plaintiff was ripping on the eventful day was described by him as "door jams (sic) * * * about six foot eight and one-half inches long by five and three-eighths inches wide by three quarters of an inch thick." He had ripped "about ten pieces" and was practically through with the day's operation when the accident occurred. From his testimony it appears that in pushing a board through the saw, he held it down with his left hand and pushed it with his right. As the ripping of each board neared completion, he would pick up a short stick or piece of lumber and place it against the end of the board to push it through so that his hand would not come in contact with the saw. Plaintiff did not stand directly behind the saw blade, but to the left side thereof. He took up this position because he realized that when a light piece is being pushed through the saw, there is a "tendency to pull the piece up against the guide that is on the inside, on the left-hand side and to shoot it back. * * * So just for your own safety you will stand to one side so that if it does shoot back it won't hit you." Getting down to the incident of injury, plaintiff testified he was pushing the board through, holding it with his left hand and "(j)ust as I went to reach for this short stick I had laying on the table the piece jumped up, and as the saw, of course, turned toward me, it threw it. It went cross-ways of the grain. It threw it across and hit me in the stomach, and I don't know, I

wouldn't say naturally; it hit me and I just fell down. I just fell over and laid my hand on top of the saw." He further stated the piece of lumber or board did not stick—"It threw it up. As soon as it got up over the top of the saw then the teeth just caught it and threw it back." There was some inference that a dull blade might cause this action. When plaintiff was asked whether the blade on the saw was the type of blade that was usually on the outfit when he had used it on prior occasions, he answered: "No. It varied. Some bigger and some smaller." He also testified that in ripping lumber on prior occasions he had never experienced any difficulty; that boards had never kicked back or hit him in the stomach.

Defendant urges that plaintiff's testimony, disclosing that he was familiar with the power saw—had used it on other occasions—knew the behavior of wood being sawed and was aware that the saw blade was not protected by a guard, conclusively establishes his failure to prove freedom from contributory negligence, as a matter of law. It is also argued with equal force that the same set of facts demonstrates as a matter of law that plaintiff assumed the risk attending the operation in question and, for that reason, he is precluded from recovering.

■ In an effort to sustain the summary judgment, defendant has cited cases wherein the Supreme Court of Iowa ruled that the evidence established as a matter of law that the party seeking recovery failed to prove his freedom from negligence, a prerequisite to recovery in certain personal injury cases.[1] Of course, every case must rest on its own bottom and the ultimate outcome is to be determined by the facts presented. The cases relied on do not militate against the firmly-entrenched principle that the presence or absence of contributory negligence, generally speaking, is peculiarly a question for the jury, rather than the court, to settle. See Nelson v. F. W. Woolworth & Co., 211 Iowa 592, 231 N.W. 665, at page 670, where the Court adopted this statement from a prior opinion: " 'If there is a conflict in the evidence as to what the person accused of contributory negligence did or did not do, the question is then one for the jury. Likewise, even though it is known what was done by that individual in this regard, yet, if his conduct is such that there may fairly be different opinions with respect to it, and one man honestly and reasonably says it was in accord with ordinary prudence, while another just as sincerely and with equal reason contends it was not, then there is a jury question.' " Followed and quoted with approval in Riggs v. Pan-American Wall Paper & Paint Co., 225 Iowa 1051, 283 N.W. 250, at page 251.

■ In Jacobson v. Aldrich, 246 Iowa, 1160, 68 N.W.2d 733, at page 735, the court, after pointing out that the burden is upon the plaintiff to affirmatively show his freedom from negligence which in any way contributed to his injuries, stated that ordinarily the question is one for the jury: "Another rule often repeated is that ordinarily the question of contributory negligence is for the jury; it is only in 'very exceptional cases' that a verdict may be directed because contributory negligence appears as a matter of law. Fitter v. Iowa Telephone Co., 143 Iowa 689, 693, 121 N.W. 48, 50; Thompson v. Waterloo, Cedar Falls & Northern Railroad Co., 243 Iowa 73, 78, 79, 50 N.W.2d 363, 365, 366; Lawson v. Fordyce, 234 Iowa 632, 641, 12 N.W.2d 301, 306; and cases cited therein." See in addition to the foregoing, Brower v. Quick, Iowa, 88 N.W.2d 120; Richards v. Begenstos, 237 Iowa 398, 21 N.W.2d 23. Having in mind that it requires a "very exceptional case" to warrant a directed verdict because contributory negligence appears as a matter of law, a fortiori, summary judgment cannot be granted on that ground except in an extraordinary, unusual or

1. Gowing v. Henry Field Co., 225 Iowa 729, 281 N.W. 281; Lewis v. Cratty, 231 Iowa 1355, 4 N.W.2d 259; Boles v. Hotel Maytag Co., 218 Iowa 306, 253 N.W. 515; Sutton v. Des Moines Bakery Co., 135 Iowa 390, 112 N.W. 836.

rare case, where the facts are conceded or demonstrated beyond reasonable question, and show a right to summary judgment with such clarity as to leave no room for controversy.

 Recognizing that it is not our function on this appeal to determine the issue of whether plaintiff carried the burden of proving his freedom from contributory negligence, and that we have only a duty to decide whether on this record such issue exists, the conclusion is inescapable that there was no legal justification for the action taken by the court. An analysis of plaintiff's deposition discloses that the conditions present on the occasion under question were not identical to those existing when plaintiff used the equipment on prior occasions. For example, the size of the saw blade and type of wood differed. Whether the behavior of lumber was affected by the size of the saw blade, does not appear. If so, plaintiff was unaware of the effect produced by varying sizes of the blade; at least, the record fails to disclose he possessed such knowledge. Again, while plaintiff knew that lumber being ripped had a tendency to be kicked straight back, making it necessary for the operator of the saw to stand to one side to avoid the consequences of such an occurrence, the record does not disclose that he had knowledge that, as the ripping process of a board was nearing completion, it would suddenly be hurled upward in a fashion to cause it to come in contact with the top of the saw and be thrown in a diagonal backward direction. Without consideration of the remainder of the testimony, the foregoing alone is sufficient, in our opinion, to indicate a genuine issue exists as to whether plaintiff was guilty of contributory negligence.

Neither does the summary judgment find legal support in the doctrine of assumption of risk.

 Under Iowa law this doctrine is based upon knowledge and acquiescence of the plaintiff. In Bohnsack v. Driftmier, 243 Iowa 383, 52 N.W.2d 79, the Supreme Court of Iowa discussed the applicability of the doctrine to certain situations, and in reviewing numerous Iowa cases, clearly pointed out the elements that must exist before recovery can be denied on the ground that the injured party assumed the risk. There it is said, 52 N.W.2d at page 84: "Mere lack of care, without more, does not amount to assumption of risk. The doctrine involves a choice between a course known to be dangerous and one that is not. See Edwards v. Kirk, supra [227 Iowa 684, 288 N.W. 875]; 38 Am. Jur., Negligence, section 172; Note, 18 Iowa Law Review 358, 361, 'The doctrine of assumption of risk is not based on negligence but the voluntary assumption of the danger by the plaintiff *with full knowledge thereof, * * *.'*" (Emphasis supplied.) And cf. Thornbury v. Maley, 242 Iowa 70, 45 N.W.2d 576; Booth v. General Mills, 243 Iowa 206, 49 N.W.2d 561; Jackson v. Chicago, M., St. P. & P. R. Co., 238 Iowa 1253, 30 N.W.2d 97; Stupka v. Scheidel, 244 Iowa 442, 56 N.W.2d 874.

 With the foregoing principles in mind, it is clear to us that the evidence discloses the existence of a genuine issue as to whether plaintiff assumed the risk incident to the ripping operation. It can hardly be disputed that the record does not conclusively establish as a matter of law that plaintiff had full knowledge of the danger which in this case became a reality and produced his injury, and that having such knowledge he voluntarily assumed the danger.

 When the case is fully explored, it may be that plaintiff will be precluded from recovering on either or both of the grounds asserted by defendant, but the meagre evidence, consisting only of plaintiff's discovery deposition, taken by defendant, does not support the summary judgment. As has been aptly stated by this Court in Union Transfer Company v. Riss & Company, 8 Cir., 218 F.2d 553, at page 554: "A surmise, no matter how reasonable, that a party 'is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not

shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them.' Sprague v. Vogt, 8 Cir., 150 F.2d 795, 801; Landy v. Silverman, 1 Cir., 189 F.2d 80, 82. See, also, Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627–629, 64 S.Ct. 724, 88 L.Ed. 967."

Since it is manifest that plaintiff has not had his day in court with respect to the issues upon which the motion for summary judgment was granted, the judgment is reversed and the cause remanded for further proceedings.