Edna BRADWELL, Appellant,

v.

ILLINOIS CENTRAL GULF RAILROAD
COMPANY, Appellee.

No. 77–1085.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 24, 1977.

Decided Sept. 19, 1977.

Terry W. Guinan, Fort Dodge, Iowa, for appellant.

Don N. Kersten and Tito W. Trevino, Fort Dodge, Iowa, for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Plaintiff Edna Bradwell brought this diversity[1] suit against defendant Illinois Central Gulf Railroad Company alleging damages of $400,000. The case was tried to a jury which rendered a verdict for the defendant from which the plaintiff appeals. We affirm.

The plaintiff was injured when the car she was driving struck the defendant's train engine at a railroad crossing in Fort Dodge, Iowa. Moments before the accident, plaintiff's car had made a wide turn onto the road which leads to the crossing, and had proceeded down the middle of that road at

1. The plaintiff is a citizen of Iowa. The defendant corporation is a citizen of Illinois, being incorporated and having its principal place of business in that state.

a speed in excess of the limit. The slowly moving train engine had nearly traversed the crossing and stood directly in the plaintiff's path, yet the plaintiff neither reduced her speed nor applied her brakes. There is evidence that the plaintiff was not sitting up behind the wheel of her car at the time of the accident.

The defendant maintains a standard crossbuck railroad warning sign on the northern approach to the crossing where the accident occurred. There is no such warning sign on the southern approach taken by the plaintiff; but the plaintiff has used the crossing frequently over a period of years, was familiar with the traffic patterns of the crossing and was aware of the crossbuck on the northern approach.

Iowa, by statute, imposes liability on railroads for damages resulting from the failure to erect warning signs at train crossings:

> Every corporation constructing or operating a railway shall * * * construct at all points where such railway crosses any public road good, sufficient, and safe crossings * * * and erect at such points, * * * a sign with large and distinct letters placed thereon, to give notice of the proximity of the railway, and warn persons of the necessity of looking out for trains. Any railway company neglecting or refusing to comply with the provisions of this section shall be liable for all damages sustained by reason of such refusal or neglect, and it shall only be necessary, in order to recover, for the injured party to prove such neglect or refusal.

Iowa Code § 478.1.

We assume, for the purposes of this appeal, that Illinois Central's failure to post a warning sign on the south side of the Fort Dodge crossing was a violation of the statute. *Compare Illinois Cent. R. R. Co. v. Kean*, 365 F.2d 785, 791 (8th Cir. 1966) *with Hitchcock v. Iowa So. Util. Co.*, 233 Iowa

301, 307–308, 6 N.W.2d 29 (1943). The plaintiff contends that such a violation renders the defendant strictly liable for her injuries and that the District Court erred in not instructing the jury to that effect. We cannot agree.

No Iowa court has ever held that a railroad is strictly liable for injuries resulting from accidents at train crossings where the warning sign required by § 478.1 is absent.[2] The plaintiff directs us to a decision from an Ohio appellate court to buttress her position but, of course, that case cannot control this one. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1937).

The Supreme Court of Iowa interpreted a materially identical predecessor to the present § 478.1 in *McKelvy v. Burlington, C. R. & N. Ry. Co.*, 84 Iowa 455, 51 N.W. 172 (1892):

> The statute certainly means no more than it says,—that the company is liable when the damage results by reason of its neglect. The statute gives to plaintiff the benefit, upon limited proof, of a presumption that the damage was by such reason. Such a presumption may be overcome by proofs showing that the damage was the result of other causes, including that of plaintiff's negligence.

*Id.* at 459, 51 N.W. at 173.

Subsequent cases comport with this construction, treating violations of § 478.1 solely within a negligence framework. *See Illinois Cent. R. R. Co. v. Kean, supra* ; *Wright v. Chicago, R. I. & P. Ry. Co.*, 222 Iowa 583, 268 N.W. 915 (1936); *cf. Lindquist v. D. M. Union Ry. Co.*, 239 Iowa 356, 30 N.W.2d 120 (1948). Moreover, the Iowa legislature has consistently declined the opportunity to alter that approach. For these reasons, we conclude that the trial court was correct in refusing to instruct the jury on strict liability under § 478.1. *See Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 204–205, 76 S.Ct. 273, 100 L.Ed. 199 (1955).

---

**2.** There is dicta in *Payne v. Chicago, R. I. & P. Ry. Co.*, 44 Iowa 236, 237–238 (1876), to support the plaintiff's argument. However, the language on which the plaintiff relies was directly contradicted by the Iowa Supreme Court sixteen years later. *McKelvy v. Burlington, C. R. & N. Ry. Co.*, 84 Iowa 455, 458–459, 51 N.W. 172 (1892).

Plaintiff Bradwell was thoroughly familiar with the Fort Dodge crossing, and knew of the warning sign to the north of the railroad tracks. *See Illinois Cent. R. R. Co. v. Kean, supra* at 791. She was thereby placed under a duty to use her senses to avoid injury. *Hinken v. Iowa Cent. Ry. Co.*, 97 Iowa 603, 66 N.W. 882 (1896). The imposing presence of the train engine on the crossing was itself warning of the danger. "A motorist approaching a railroad crossing will not be heard to say that he looked and did not see what he must have seen had he looked." *Chicago, B. & Q. R. Co. v. Ruan Transp. Corp.*, 171 F.2d 781, 785 (8th Cir. 1948). In addition, warning was given by ringing the engine's bell and blowing its whistle. The plaintiff's failure to see the Illinois Central engine or to respond to its bell and whistle was almost certainly a breach of the duty under which she had been placed. On these facts, it was reasonable for the jury to conclude that the proximate cause of plaintiff's injuries was her own breach of duty rather than any failure on the defendant's part to provide the statutorily required warning sign.

Accordingly, the judgment below is affirmed.