ANGINETTA TAYLOR, administratrix, *vs.* CAREW MANUFAC-
TURING COMPANY.

Hampshire.     Sept. 28, 1886. — Feb. 23, 1887.   DEVENS & W. ALLEN, JJ.,
absent.

Under the Pub. Sts. *c.* 104, §§ 14, 22, providing that the openings of elevators and
well-holes upon every floor of a factory shall be protected in a manner specified,
and that any corporation, being the owner of a factory, shall be liable for all
damages suffered by any employee by reason of a violation of the statute, an
employee cannot maintain an action against his employer for an injury caused
by such violation, unless at the time he was injured he was in the exercise of
due care.

In an action for personal injuries occasioned to the plaintiff, while in the defend-
ant's employ, by falling into an unguarded elevator well in the basement of the
defendant's mill, there was evidence that the plaintiff was thirty-seven years
old, and had been in the defendant's employ for four or five years ; that by his
contract he was to have a certain sum per day while learning, and more when
he was taught ; that all the floors of the mill, except the one where he was
injured, were provided with self-closing hatches at the elevator openings ; and
that at the opening where the plaintiff fell it was so dark, by reason of the con-
struction of the mill, that the opening could not be seen or discovered until
reached.   The plaintiff testified that he knew of the existence of the elevator
well, and was looking for it to shun it when he fell into it ; that he knew it was
there somewhere, but did not know exactly where ; that he was walking quite
fast; and that he went into the elevator hole so quick that he did not know
whether he was stepping long or short.   *Held,* that there was no sufficient
evidence of due care on the part of the plaintiff to entitle him to maintain the
action.

GARDNER, J.   The first count of the plaintiff's declaration
alleges negligence on the part of the defendant corporation in
failing to guard or fence an elevator well in the basement of its
mill, where the plaintiff's intestate was sent to assist in putting
on a belt, and also alleges due care on his part when he fell into
the well and was injured.   The amended count is under the Pub.
Sts. *c.* 104, § 14,* for failure to furnish safeguards to an elevator
and well-hole, and alleges that, by reason of the violations by the

---

* This section provides that "the openings of all hoistways, hatchways,
elevators, and well-holes, upon every floor of a factory, shall be protected"
in a manner specified.

Section 22 provides that any corporation, being the owner of a factory,
shall "be liable for all damages suffered by any employee" by reason of a
violation of any provision of § 14.

defendant of the provisions of the statute, the plaintiff's intestate, while in the proper discharge of his duty, fell into the well-hole and was injured.

At the former trial, the court ruled that the amended count was not supported by the evidence ; the plaintiff recovered a verdict upon the first count; and the defendant came to this court upon exceptions, which were sustained. *Taylor* v. *Carew Manuf. Co.* 140 Mass. 150. The new trial was upon the amended declaration only.

The plaintiff's counsel in his opening argument stated that he should not vary the evidence from that contained in the former bill of exceptions, except in these particulars : that by his last contract his intestate was to have a certain sum per day while learning, and more after he was taught; that all the floors of the defendant's factory, except the one where he was injured, were provided with self-closing hatches at the elevator openings ; that at the opening where the plaintiff fell it was so dark, by reason of the construction of the mill, that the opening could not be seen or discovered until reached ; and that upon the floor in question there were none of the appliances required by the Pub. Sts. *c.* 104, § 14.

The judge then ruled that the plaintiff could not recover, upon the ground that the plaintiff's intestate, at the time he received the injury, was not in the exercise of due care.

1. Where a statute does not otherwise provide, as in that which was before us in *Commonwealth* v. *Boston & Lowell Railroad*, 134 Mass. 211, the rule requiring the plaintiff, in an action for negligence, to show that at the time of the injury complained of he was in the exercise of due care, is the same, whether the action is brought under a statute or at common law. The doctrine of contributory negligence governs both classes of action. *Thompson* v. *Bridgewater*, 7 Pick. 188. *Adams* v. *Carlisle*, 21 Pick. 146. *Munn* v. *Reed*, 4 Allen, 431. *Plumley* v. *Birge*, 124 Mass. 57. *Denison* v. *Lincoln*, 131 Mass. 236.

2. The plaintiff's counsel in his argument assumes that the decision of this court in the former case, under the first count, "was, that, in view of the relation of master and servant, and the implied contracts arising out of that relation, the servant would assume the risks he must know were incident to the business ;

that the plaintiff's intestate did not show he was in the exercise of due care; and that he took upon himself the risk involved in the position of the well-hole."

The opinion of the court in the former case went upon two grounds: first, that there was no sufficient evidence of due care on the part of the plaintiff; secondly, that the plaintiff's intestate took upon himself the risk involved in the position of the well. Conceding that it must conclusively appear that the plaintiff's intestate was not in the exercise of due care, and that, in considering this question, the fact that he assumed the risk of the danger which he knew and appreciated is to be excluded, still we think that the decision of the former case, upon all the evidence, determined that the plaintiff's intestate was not in the exercise of due care at the time he received the injury.

3. We do not think that the additional evidence offered by the plaintiff materially changes the evidence upon either of the grounds upon which a new trial was granted. The fact that the deceased by his last contract was to have a certain sum per day while learning, and more after he was taught, could not affect the business in which he was engaged when injured. The last contract does not appear to have referred to this business. He was thirty-seven years old, had been in the defendant's employ for four or five years, was hired to make size and to do whatever the foreman desired. He was at the mill when the elevator was put in, and knew of the existence of the elevator well, was looking for it to shun it, and was thinking of it when hurt. He knew it was there somewhere, but did not know exactly where; he was walking quite fast, and went into the elevator hole so quick that he did not know whether he was stepping long or short. The evidence as to the contract could not change this material testimony.

The fact that all the floors of the factory excepting the one where the plaintiff's intestate received his injury were provided at the openings with self-closing hatches, was immaterial. The opinion of the court, stating the testimony of the deceased as to the darkness, and the fact that there were no appliances required by statute upon the floor in question, disposes of the remaining offers of proof. "Indeed, his description of the accident shows distinctly a want of due care in performing that

which he undertook. In the darkness which prevailed in the basement room, to walk quickly, when his eyes afforded practically no assistance, without by either hands or feet attempting to find the hole which he knew was there somewhere, although he ' could not tell exactly where,' was a failure on his own part to take proper precautions."

Upon an examination of all the evidence, we think that the Superior Court was justified in ruling that the plaintiff's intestate was not in the exercise of due care.

*Exceptions overruled.*

*G. M. Stearns & W. H. Brooks*, for the plaintiff.
*D. W. Bond & E. W. Chapin*, for the defendant.