Miller v. National Enameling & Stamping Co.

## Goldie Miller, by next friend, v. National Enameling and Stamping Company.

1. EXTRA-HAZARDOUS EMPLOYMENT—*construction of statute prohibiting employment of children under sixteen at.* In this case the court excluded testimony tending to prove the danger and exposure incident to the use of machinery throughout the entire mill in which the plaintiff was employed. The court in ruling limited the evidence to the machinery and conditions in that part of the mill where plaintiff worked. This is held to have been clearly right in that only the hazard of the plaintiff's employment, work to which he was appointed, is contemplated by such statute.

Action on the case for personal injuries. Error to the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

WEBB & WEBB and BURTON & WHEELER, for plaintiff in error.

WISE & McNULTY, for defendant in error.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case brought by Goldie Miller, a minor, by Alice Miller, his next friend, against the National Enameling and Stamping Company, a corporation, owning and operating a manufacturing establishment at Granite City, in Madison county.

The declaration consists of two counts. The first count is based upon an alleged violation of paragraph 34, and the second, upon a violation of paragraph 38, chap. 48, Revised Statutes. The defendant pleaded not guilty. On the trial of the case before a jury, at the close of plaintiff's evidence, the court on motion of defendant instructed the jury to find defendant not guilty. Judgment was entered on verdict in favor of defendant and against the plaintiff for costs. Exceptions were preserved and by writ of error the record is brought to this court for review.

It appears from the evidence that the defendant was engaged in the manufacture of graniteware and for that purpose occupied two separate buildings called, " The stamping works " and " The rolling mill." These buildings are about four blocks apart, both under the ownership, management and control of defendant, and both are used as parts of one plant in the business of the defendant company. When the plaintiff was employed his age was between fourteen and sixteen years. He was required to and did furnish an affidavit of his mother in compliance with the statute. Of this there is no dispute. At first he was engaged at the stamping works and operated a stamping machine and later in a different department of the same works he was employed in shining tin. About a year after

his first employment he was transferred to the rolling mills, and at the time of the injury was operating a motor by which are controlled the rolls used in the manufacture of sheet steel. Plaintiff's counsel contend that in transferring the plaintiff from the stamping mills to the rolling mills an additional affidavit was required, and that these two departments of the same factory are to be regarded as separate manufacturing establishments within the meaning of the law. We cannot so construe the statute. The mere fact that the separate departments of the same business were not under the same roof may not be held to require that another and additional affidavit must be furnished when minor employees are transferred from one department of the works to another. There is nothing in the spirit or purpose of the statute to support plaintiff's contention. A different question might arise if the several departments or shops were located wide apart, and in different towns or communities; but where, as in this case, they are parts of one enterprise, under one general management and operation, and where the rights and interests of the minor employee and parent are fully protected in manner contemplated by the statute, an additional affidavit was not required. There was therefore no evidence to support the first count.

" No child under the age of sixteen years shall be employed, or permitted or suffered to work by any person, firm or corporation in this state at such extra-hazardous employment, whereby its life or limb is in danger or its health is liable to be injured or its morals may be depraved." This is the provision of paragraph 38, and upon the alleged violation of which the cause of action set out in the second count is predicated. If the statute is to be construed literally, it would operate as absolutely prohibitive of the employment of children under the age of sixteen years in any kind of factory or business where many persons are engaged in the use of machinery. Under the most favorable conditions practicable, life and limb, health and morals, are more or less exposed by such em-

ployment. With this construction, other provisions of the act are useless. What then is meant by "such extra-hazardous employment?" The statute does not define it, though the use of the word "such" in that connection is suggestive of a definition elsewhere in the chapter, but we find none. The plaintiff offered and the court excluded testimony tending to prove the danger and exposure incident to the use of machinery throughout the mill. The court in ruling limited the evidence to the machinery and conditions in that part of the mill where plaintiff worked. This was clearly right, for only the hazard of his employment, the work to which he is appointed, is contemplated by the statute—the danger to which the employee may be exposed while in the line of his duty as such employee. Whether the work was extra-hazardous or not, ordinarily is a question of fact for the jury. Nevertheless, if from all that has been offered in proof it can be said that there is no evidence to warrant a verdict for the plaintiff, it is the duty of the court to take the case from the jury. It will not be seriously contended, certainly the evidence does not show, that the operation of the motor or the plaintiff's surroundings while in the line of duty, were in any sense extra-hazardous. While it appears that on one or two occasions he was sent on errands to other parts of the mill, and may thus have been exposed to extra hazard, yet it is clear that this was no part of his duty under the employment. Had he suffered injury while in this service, a very different question would arise. We are therefore compelled to hold that plaintiff fails, in proof under the second count as under the first, to show a violation of the law by the defendant and consequent liability to the plaintiff for injuries received.

The trial court did not err in giving the peremptory instruction to find for the defendant. Holding to this view we do not deem it necessary to consider and discuss other questions argued by counsel.

*Affirmed.*