[No. 6127. Decided July 20, 1906.]

DAVID B. HUNTER, *Appellant,* v. WASHINGTON PIPE & FOUNDRY COMPANY, *Respondent.*[1]

MASTER AND SERVANT—DUTY TO GUARD MACHINERY—CONTRIBUTORY NEGLIGENCE. Contributory negligence which is the proximate cause of an injury, is a good defense notwithstanding the neglect of the defendant to perform the statutory duty of providing guards.

SAME — CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE. An employee who approaches a machine in motion at a dangerous place to wipe off oil, is guilty of contributory negligence, as a matter of law, if such negligence was the proximate cause of the injury, where it appears that the machine was idle one-fifth of the time, when the oil could be wiped off with safety, and when there was no immediate need of wiping the machine at that time.

SAME—CONDITION OF FLOOR AS PROXIMATE CAUSE. Where an employee was injured by unnecessarily stepping upon a slippery floor, which it was his duty to inspect and keep clean, and he was there by reason of his own neglect, the condition of the floor cannot be the proximate cause of the injury, as a question for the jury.

SAME—FAILURE TO GUARD COGS—PROXIMATE CAUSE. Where an employee in a factory is injured by having his hand caught in un-guarded cogs, by reason of his own neglect in unnecessarily going, at an improper time, into a dangerous place, which it was his duty to keep safe, the failure to guard the cogs cannot be the proximate cause of the injury as a question for the jury.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered September 13, 1905, upon the verdict of a jury, rendered by direction of the court in favor

[1] Reported in 86 Pac. 171.

of the defendant, in an action for personal injuries sustained
by an employee in a factory.    Affirmed.

*Govnor Teats,* for appellant.

*Richard S. Eskridge (T. O. Abbott* and *Philip Tindall,*
of counsel), for respondent.

HADLEY, J.—This action was brought to recover damages
for personal injuries received by the plaintiff while working
in the factory of the defendant.    The defendant operates a
plant for the manufacture of pipe, and the plaintiff was, at
the time of receiving his injuries, engaged as a helper around
what was called a "winding machine."    This was a large
machine run by power and consisted in part of large and
small cogwheels used to operate the device for winding wire
about wood pipes constructed from staves.    The plaintiff al-
leged in his complaint that the defendant negligently allowed
the cogwheels to be exposed and failed to guard or cover
them; that while in the discharge of his duties, it became
his duty to wipe the oil from the side of the machine, and
that while so doing, at a distance of about eight inches from
the cog wheels, through no fault of his own, he slipped and
fell, by reason of the oily and slippery condition of the floor,
which condition was not known to him; that in falling his
right hand went into the cogs and cogwheels, which were
then in operation, and that his hand was thereby mutilated
and permanently injured.    The defendant denied that it was
negligent, and affirmatively averred that the plaintiff as-
sumed the risk of the situation, and that he was also guilty
of negligence which was the contributing cause of his in-
juries.    The cause came on for trial before a jury and, at
the close of plaintiff's testimony, the defendant challenged
the sufficiency thereof, and moved that the cause be taken
from the jury and that judgment should be entered for the
defendant.    The motion was granted, judgment was accord-
ingly entered, and the plaintiff has appealed.

The evidence submitted by appellant disclosed that his

usual occupation was that of a teamster. He was forty-four years of age, but had never been accustomed to working about machinery. 'He had been working about this machine more than two weeks at the time he was injured. His duties as a helper were somewhat varied, and it does not appear that they had been fully defined by any specific instructions given.

It appears that he was expected to assist in building up pipe from the staves preparatory for the winding process, and that he did so assist. He also assisted in adjusting the wire ready for the winding. When he went there to work he found much debris about the machine. This he was told to clear away, and was commended by the foreman for so doing, the latter saying to him, in effect, that he was there for just such purposes, and instructing him to go ahead and do whatever of that character he saw should be done. He testified that it was a part of his duty to keep the floor clean around the machine; that at times oil dripped upon the floor about the machine, and that he put sawdust upon the floor to absorb the oil. He had slipped a few times by reason of the slippery condition of the floor. He testified that the machine was at rest about one-fifth of the time, this being occasioned by the removal of the pipe and the adjustment of new pieces ready for the winding, together with the adjustment of the wire.

Just prior to receiving his injuries, he observed some oil on the side of the machine just below the cogwheels. The machine was in operation at the time, and assuming a stooping posture, he wiped this oil away, his hand being within a few inches of the moving wheels. As he undertook to arise he slipped and his hand was thrown out in such manner that it was caught by the cogwheels. He knew of the general slippery condition of the floor, but says he did not know at the time just what caused him to slip. Five days after the accident he went to the factory, and he says he then discovered a small knot in the floor, which he believes caused him to slip, and of which he did not know before. He at-

tributes his injury to negligence of respondent because of the unguarded cogwheels, and, also, because of the condition of the floor which, he says, was unknown to him.

In view of the time appellant had been working about the machine and of the further fact that it was one of his duties to keep the floor clean at that very point, we do not see how it can be said that he did not know the condition of the floor. There were no attending circumstances or conditions which operated to conceal the situation from him. It was open and obvious and, from the nature of his work, he must have passed over it and about it many times during each day. His particular duty to keep the floor clean should have directed his attention to it. We therefore think that he should be held to have known the condition of the floor as a matter of law. Knowing this condition, he undertook to wipe the machine in the manner and at the time above stated. It is true the cogwheels were unguarded, but notwithstanding the statutory duty of respondent to provide a guard, still if the proximate cause of appellant's injuries was his own negligence, he is not entitled to recover. The defense of contributory negligence still obtains even though he did not assume the risk of unguarded machinery. *Hall v. West & Slade Mill Co.*, 39 Wash. 447, 81 Pac. 915. In that case this court said:

"It is true that in such cases contributory negligence and assumption of risk approximate and it is difficult to draw a line between them; but we think that to convict an employee of contributory negligence for working in a place where he does not assume the risk of injury, it must be shown that he did not use care reasonably commensurate with the risk to avoid injurious consequences—in other words, that it was some negligent act of his own that caused his injury and not alone the dangers of his situation."

Does the evidence in this case show, as a matter of law, that appellant used "care reasonably commensurate with the risk to avoid injurious consequences?" He does not show

that he was instructed to wipe the machine at that place while
it was in operation. Upon the other hand, he does show that
there was abundant time to do it while the machinery was
at rest. With the machine idle one-fifth of the time, there
were two hours of time in each day of ten hours when this
work could have been done with absolute safety. There was
nothing about the presence of the oil upon the side of the
machine that made it necessary to remove it at the particular
time. Notwithstanding the fact that the cogwheels were
unguarded, yet the situation was open and obvious, and ap-
pellant was not at the time engaged in duties which he was
required then to discharge. But he voluntarily approached
the unguarded machinery at a time when he was not dis-
charging a necessary duty in connection with his employ-
ment. It seems to us impossible to escape the conclusion that
appellant was guilty of contributory negligence, as a matter
of law. The minds of reasonable men cannot differ as to the
negligence of one who voluntarily puts himself in a place of
obvious danger and which is not necessarily incidental to his
regular duties.

We believe the facts of this case come directly within the
principle applied in *Beltz v. American Mill Co.*, 37 Wash.
399, 79 Pac. 981. Beltz was the operator of a resaw and
was attempting to remove sawdust from a point near the saw,
and while it was in motion. It was contended that the mill
company had negligently failed to provide a safeguard for
the saw as required by the laws of the state. But it was
shown that means were provided for stopping the saw while re-
moving the sawdust without interfering with the operation of
other machinery in the mill. Beltz was therefore not required,
in the discharge of his duties, to remove the sawdust while
the saw was in motion. He voluntarily assumed to do it in
the manner in which he did, in the face of what we said was
an open, apparent, and obvious danger, and he was denied
recovery for the reason that his acts amounted to contributory
negligence. Appellant argues that the *Beltz* case should be

distinguished from this for the reason that he had control
of the running of the saw and could have stopped it. We
see no distinction in principle. Appellant in this case, it is
true, did not control the stopping and starting of the winding
machine. But he says that during at least one-fifth of the
time it was not operated, and he therefore knew that at such
time the oil could have been removed with safety to himself,

Appellant insists that whether the slippery condition of
the floor was the proximate cause of the injury was a ques-
tion for the jury. We have seen that, under the circum-
stances, he was bound to know the condition of the floor
and, if he negligently assumed to do a thing which brought
him into the presence of an open danger, it cannot be said
that the condition of the floor was the proximate cause. But
it must follow that it was primarily due to his own negli-
gence. He cites *Hoveland v. Hall Bros. Marine R. etc. Co.,*
41 Wash. 164, 82 Pac. 1090, where the jury were left to
find if the condition of the ground was the proximate cause
of the injury. Hoveland was, however, engaged in a duty
which could not be discharged when the machinery was not
in operation. He was sharpening a chisel upon a grindstone
which revolved with great velocity upon a shafting with un-
guarded couplings. His attention was at the time directed
to the discharge of a duty which required his presence at the
dangerous place, a duty which did not directly call his at-
tention to the condition of the ground. Still, the jury were
told that, if the condition of the ground was the proximate
cause of the injury, and that he knew of that condition, he
assumed the risk and could not recover. Under such circum-
stances it was perhaps not improper to leave the jury to find
whether he knew of the condition and, if so, whether it was
the proximate cause. But it is established that the appellant
in this case was bound to know the condition of the floor as
it was his duty to inspect it and keep it clean. With that
knowledge he went upon the floor and into the presence of the
danger when his duties did not call him there. He was there

by reason of his own neglect, and there was therefore nothing to submit to the jury touching the condition of the floor as in the *Hoveland* case.

Again, it is insisted that it was for the jury to say whether the absence of a guard for the wheels was the proximate cause of the injury. From what has been said it is clear that there was no such question for the jury. Appellant was not there in the discharge of a duty then required of him. The first moving cause toward the accomplishment of his injury was his own negligence in voluntarily going into the presence of an obvious danger when his incidental duties did not call him there. This was, therefore, the proximate cause, and not the unguarded cogwheels. Moreover appellant offered in evidence two photographs, one showing the machine in its unguarded condition and one showing it protected by a guard. These disclose that, if it had been guarded at the time of the accident, as shown in the second picture, appellant could not have removed the oil at the place where he was wiping the face of the machine, without first removing the guard. It is therefore evident that even the presence of a guard would not have protected him in what he was undertaking to do. For this reason, also, it cannot be said that the absence of a guard was the proximate cause of his injury.

The judgment is affirmed.

MOUNT, C. J., RUDKIN, FULLERTON, CROW, ROOT, and DUNBAR, JJ., concur.