DAVID LEAHY *v.* UNITED STATES COTTON COMPANY.

MARCH 25, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, and Parkhurst, JJ.

(1) *Master and servant. Negligence. Elevators.*

Pub. Laws cap. 973, passed April 3, 1902, providing that if a defendant fails to equip an elevator with some suitable appliance which shall give automatically at all times, on every floor of a building which it approaches, a distinct audible warning signal that the elevator is in motion, it shall be no defence that the person injured had knowledge that the elevator was being operated contrary to the provisions of the statute, or that he continued to ride in the elevator with said knowledge, does not apply where the proximate cause of the injury was the negligence of the plaintiff in stepping into the elevator shaft without looking, the act not providing that a plaintiff might recover notwithstanding contributory negligence or want of due care.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff, and overruled.

DUBOIS, J. This is an action of trespass on the case for negligence, wherein the plaintiff seeks to recover damages from his employer, the defendant, for personal injuries sus-

tained by him, March 26, 1903, through falling into a freight elevator-well in the mill of the defendant.

At the time of the accident the plaintiff was fifty-nine years of age, and had been employed by the defendant for more than six years as a "chore-man." In the line of his duty it was necessary for him to go from room to room and from floor to floor in the building where he was employed.

In one corner of the building, from garret to cellar, an elevator-shaft extended and was accessible on each floor through folding doors which opened into it. The shaft was provided for the use of a freight elevator, but was several feet longer than the openings in the floors through which the elevator was raised and lowered, so that between the doors and the elevator-well there was a space, within the inclosure, sufficient to accommodate several persons. The customary way of using the elevator, during the period of the employment of the plaintiff, as he testified, was for an employee to open the doors in the shaft on any floor that was desirable, and to leave them open and wait until the elevator arrived, then to step upon it, close the doors, and put the elevator to such use as the occasion required. He further testified that it was used by any of the employees who wanted it, and that it might be wanted every five or ten minutes during the day; that he used it in going from the weave-shop to the upper floors twenty or thirty times a day, and from the weave-shop to the cellar the same number; that on the day of the accident he had occasion to use it, but that Joseph Kelleher was using it with a load of cloth, and he walked downstairs to the lower room, opened the doors of the shaft and waited until Kelleher came down to that floor and took his load to the cloth-room; that while waiting Mr. Houston, the overseer, gave him a box of filling to take down cellar, with instructions concerning it; that while he was receiving these instructions his head was turned away from the elevator, from which he was distant about a foot; that he went to put the box of filling on the elevator, which he thought was there all the time, and the elevator was gone and he fell with the box in his hand. It was admitted that there was plenty of light in the elevator-shaft, so that he could see all right; that when he

got through talking with the overseer, about the same time he stepped sidewise right off, and did not look because he thought the elevator was there. He fell upon the freight elevator, which had descended about five feet from said floor. Said elevator at that time was not equipped with any device for giving notice that it was in motion, as required by Pub. Laws cap. 973, passed April 3d, 1902.

At the conclusion of the testimony for the plaintiff at the trial of said case in the Superior Court, the justice presiding gave the jury the following instruction: "The evidence shows that the plaintiff was acquainted with this locality; he knew there was no bell there, and that it was perfectly lighted. He knew also that employees were in the habit of moving that elevator up and down, without giving notice. He turned away long enough for the elevator to have been appreciably lowered, and, as he states, he turned back and stepped onto the elevator, as he supposed, without looking to see if it was there, and by that means suffered an injury, and, I think, on the plaintiff's own showing, that he contributed to the injury by his own negligence. The court, therefore, instructs the jury to return a verdict for the defendant." To this direction the plaintiff duly excepted, alleging that said action of the court was against the law and the evidence, and brought the case to this court upon his bill of exceptions based upon those grounds.

Pub. Laws cap. 973, *supra*, also provided "In all cases in which any person shall suffer injury . . . in consequence of the failure of the lessee or owner or owners of any building to comply with the provisions of this and the preceding section, . . . such lessee and owner or owners shall be jointly and severally liable to any person so injured in an action of trespass on the case for damages for such injury. . . . It shall be no defence to said action that the person injured . . . had knowledge that any elevator was being operated in said building contrary to the provisions of this and the preceding section, or that such person continued to ride in said elevator with said knowledge." If this accident occurred in consequence of the failure of the defendant to equip the elevator with "some suitable appliance which shall give auto-

matically, at all times, on every floor of said building which it approaches, a distinct, audible warning signal that said elevator is in motion," the doctrine of assumed risk can not be received as a defence to such action, notwithstanding the fact that such omission or neglect of the defendant was known to the plaintiff.

(1)    The plaintiff was not injured by the elevator, its presence, at the time of the injury, did him no harm; if it had been raised instead of lowered, his fall would have been greater, for, instead of falling five feet to the elevator, he would have fallen the full distance to the bottom of the elevator-shaft.

It was apparent, from his own testimony, that the proximate cause of his fall and injury was his neglect to use his sense of sight in a perfectly lighted place; therefore the question, what defences, under the statute, were open to the defendant, did not arise.

The plaintiff in his declaration alleges that he was in the exercise of due care at the time of the accident. It is a material allegation in an action for negligence, and must be proved by the plaintiff in order to maintain his case—*Judge* v. *Narragansett Electric Light Co.*, 21 R. I. 128. It is not even a case where the plaintiff neglected to prove that he did look, for the plaintiff testified that he did not look. To step, without looking, into a hole in a perfectly lighted place is negligence *per se*. The fact of the presence or absence of a bell will not excuse a person from the duty of looking, before stepping, in such circumstances. If the plaintiff had been injured by the elevator because no notice of its approach had been conveyed to his hearing, the fact that he knew of the absence of an audible signal, for that purpose, would furnish the defendant no defence, under the statute, in an action for such injury. But the bell or signal was to sound only while the elevator was in motion; when the elevator was at rest, no notice was to be given of that fact. It does not appear how a signal that the elevator was in motion would have assisted the plaintiff if he did not look. Of course, the absence of a sounding signal excused his listening for what he knew did not exist. The duty of looking was not in any way increased by the absence of such

signal, neither was it diminished thereby. Such duty was unaffected by it, and remained the same as it was before the passage of the act. The act did not provide that the plaintiff might recover, in cases brought thereunder, notwithstanding his contributory negligence or want of due care therein, and it has been held correctly in a case involving the construction of a similar statute: "Where the statute does not otherwise provide, . . . the rule requiring the plaintiff, in an action for negligence, to show that at the time of the injury complained of he was in the exercise of due care, is the same, whether the action is brought under a statute or at common law. The doctrine of contributory negligence governs both classes of action." *Taylor* v. *Carew Mfg. Co.* 143 Mass. 470.

As the case is governed by the doctrine of contributory negligence, the justice of the Superior Court did not err in directing a verdict for the defendant. The plaintiff's exception thereto is therefore overruled, and the case is remanded to the Superior Court with direction to enter judgment on the verdict.

*Hugh J. Carroll and Thomas F. Vance*, for plaintiff.
*Waterman, Curran & Hunt*, for defendant.
*Lewis A. Waterman*, of counsel.