[Civ. No. 1534.  Second Appellate District.—February 19, 1915.]

JOHN BURR, Appellant, v. MACLAY RANCHO WATER COMPANY, Respondent; R. H. HILLE et al., Interveners and Respondents.

APPEALS—COSTS—CONSTRUCTION OF STIPULATION—WHEN APPELLANT ENTITLED TO COSTS.—The right of parties on an appeal to have the judgment as made in their favor perfected or completed by the insertion therein of the costs allowed to them on the appeal is not affected by a stipulation entered into after the decision providing that "During the currency of this agreement, all rights finally adjudged to either party by the judgment in the action of John Burr vs. the second party herein, etc., as modified and affirmed by the supreme court by its judgment, shall be held in abeyance"; and where it is not shown what the *remittitur* on the appeal contained

as to costs, it will be presumed that the clerk followed the practice required of him by rule XXIII of the supreme court and inserted the direction that costs be recovered by the appellant, the judgment appealed from having been modified.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to tax costs on appeal. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Stephens & Stephens, for Appellant.

Williams, Goudge & Chandler, for Defendant and Respondent.

Hunsaker & Britt, for Interveners and Respondents.

JAMES, J.—Plaintiff herein appealed from an order made in the superior court denying his motion to tax the costs claimed by respondents as having been incurred by them as expense on an appeal taken to the supreme court from a judgment theretofore made in the action. That judgment on the appeal taken by respondents was by the supreme court modified. (*Burr* v. *Maclay Rancho Water Co.,* 160 Cal. 268, [116 Pac. 715].) Subsequently a bill of costs was regularly filed in the superior court on behalf jointly of defendant and the interveners who were the appellants in the appeal mentioned. Plaintiff made his objections thereto in due time in writing and moved the court to disallow all of the items of the cost-bill on two grounds: 1. That because of a stipulation entered into between the parties the entry of any costs would be premature; and, 2. That interveners were not entitled to costs, and it could not be ascertained from the joint statement as to what costs were properly chargeable as the expense incurred by defendant and what by the interveners. It seems that after decision by the supreme court, reported in the volume and at the page above stated, the parties entered into a stipulation which, in part provided as follows: ''During the currency of this agreement, all rights finally adjudged to either party by the judgment in the action of John Burr vs. the second party herein, and others, in the superior court of Los Angeles County, California, as modified and affirmed by the

supreme court by its judgment, shall be held in abeyance."
As the terms of that agreement present themselves to us they
seem to indicate the understanding of the parties to have been
only that their rights, as affecting the matter of taking water
from their several lands, should be held in abeyance because
they had, temporarily at least, agreed upon conditions affect-
ing the matter. But giving the stipulation its greater effect,
as claimed for it by appellant, it still falls short of showing
any term which can properly be said to have limited respond-
ents in their right to have the judgment as made in their
favor perfected or completed by the insertion therein of costs
allowed to them on appeal.

By reference to the decision rendered by the supreme court
on the appeal of these respondents, as hereinabove cited, we
find that there was a modification made of the judgment, and
it cannot be said that such modification was not beneficial to
interveners who were claiming under defendant in the action.
Rule XXIII, [160 Cal. liii, 119 Pac. xiii], as adopted by the
supreme court, provides that "in all cases in which the judg-
ment or order appealed from is reversed or modified, and the
order of reversal or modification contains no directions as to
the costs of appeal, the clerk will enter upon the record, and
insert in the *remittitur,* a judgment that the appellant re-
cover the costs of appeal." The bill of exceptions does not
show what was provided by the *remittitur* issued by the clerk
of the supreme court, although counsel for the parties in their
briefs state it as a fact that the *remittitur* did direct that the
costs of the appellants be recovered. It will be presumed that
the clerk followed the practice required of him and did insert
the direction that the costs be recovered. The matter of de-
termining what costs shall be allowed on appeal is largely
one which is regulated by the appellate court in the absence
of statute. We are of the opinion that costs were properly
allowed in this case and that the superior court did not err
in refusing to tax the same upon the motion of the plaintiff.

The order is affirmed.

Shaw, J., concurred.

Conrey, P. J., concurred in the judgment.