# JONES v. OKLAHOMA PLANING MILL & MFG. CO.

No. 4470.   Opinion Filed April 6, 1915.

Rehearing Denied May 26, 1915.

(147 Pac. 999.)

1.   MASTER AND SERVANT—Injury to Servant—Safeguarding Machinery—Defense—Assumption of Risk.   In an action for damages alleged to have occurred as a direct and proximate result of the failure of a master properly to guard a circular saw, as required by section 3746. Rev. Laws 1910, the defendant cannot take advantage of the defense of assumption of risk.

2.   SAME—Safeguarding Machinery—Question for Jury.   In such an action, it was proper to submit to the jury the question as to whether or not a steel spreader was such a guard as was required by the terms of said act.

3.   SAME—Instructions.   When in such an action the court also submits to the jury, without objection, an instruction embodying the common-law duty of the defendant to furnish reasonably safe tools, appliances, and machinery to its employees, apart from its liability under the statute, it is proper to give to the jury in connection therewith proper instructions covering the defense thereto of assumption of risk.

4.   SAME—Defense—Contributory Negligence.   In an action for damages for injuries alleged to have resulted from a violation of a statutory duty imposed upon a master, the contributory negligence of the person injured may be urged as a defense thereto, unless such defense is excluded by the statute.

5.   APPEAL AND ERROR—New Trial—Discretionary Ruling.   A motion for a new trial on account of newly discovered evidence is addressed to the sound discretion of the trial court, and, in the absence of an abuse of such discretion, its action thereon will not be reversed.

6.   EVIDENCE—Similar Facts—Report of Factory Inspector.   The report of the factory inspector as to another saw of a different style and make. belonging to defendant and located in another part of the defendant's mill, which was offered in evidence, was properly excluded.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

Action by Maude A. Jones against the Oklahoma Planing Mill & Manufacturing Company, a corporation. Judgment for defendant, and plaintiff brings error. Affirmed.

*Jas. S. Twyford,* for plaintiff in error.

*John Shirk* and *J. S. Ross,* for defendant in error.

HARDY, J. Plaintiff in error, plaintiff below, brought suit against defendant in error for the death of her husband, occasioned by the alleged negligence of said defendant; the acts of negligence being specifically alleged as follows:

"That it became and was the lawful duty of the defendant, as a manufacturer, under the statutes of the state of Oklahoma, to furnish to deceased a safe and proper place to work, and, further, to furnish to the deceased, he being in the employ of the defendant, safe machinery with which to work. And plaintiff further says that, in total disregard of its said duty to the deceased, the defendant had failed on and prior to the said 17th day of July, 1911, to furnish deceased a safe place to work and safe machinery with which to perform his work and duty in this: That at said time, and while the deceased was in the employ of the defendant, the said defendant did furnish to him (the deceased) a certain circular saw machine, which was then and there defective and unsafe, and which defendant failed to repair and place in a reasonably safe condition in this, to wit, that the defendant failed to place on said machine what is known as a spreader, which is a steel upright back of the saw knife to steady and otherwise aid timber in sawing, and further failed to place on said saw and machinery any guards to protect a person in the use thereof, and without said spreader or any guards of any kind plaintiff alleges the facts to be that said machine was a dangerous and defective machine."

To this petition defendant filed answer, which contained a general denial, and affirmatively alleged that at the time of the accident, and at all other times, it exercised the highest degree of caution and care to provide

deceased a safe place in which, and safe tools and appliances' with which to work; and further pleaded that deceased was guilty of contributory negligence but for which his death would not have occurred, and that he assumed the risks incident to his employment. A reply was filed to this answer.

The errors relied upon by plaintiff in error are that the court erred in giving instructions numbered 5, 6, 7, 16, 17, 18, 19, 20, 21, and 22, which instructions submitted to the jury the defense of assumption of risk and contributory negligence; and because the court erred in denying the plaintiff a new trial on the showing made as to newly discovered evidence; and exclusion of legal and material evidence offered by plaintiff.

The petition shows plaintiff's cause of action to be predicated upon the theory that it was the duty of the defendant under the Factory Act to equip the saw at which the injuries occurred with a steel spreader and proper guards, and that for a failure to perform such duty in either respect, resulting in the death of deceased, a recovery might be had. The general denial of defendant raised an issue as to the truth of these allegations, and it then became a question of fact as to whether said saw was properly guarded, and as to whether the steel spreader was such a guard as required by said act. These issues were submitted to the jury by proper instructions, and, had the court gone no further than this, the question of assumption of risk by the deceased would not have entered into this case. The section of the statute upon which plaintiff relies is section 3746, Rev. Laws 1910, which in terms requires that machinery of every description shall be properly guarded, and, where this statute has been violated, and injury results to an employee as the direct and proximate result of the failure of the master properly to guard his machinery, it has already been established by

previous decisions of this court that the employee does not assume the risks occasioned by failure of the master to perform this statutory duty. *Sans Bois Coal Co. v. Janeway,* 22 Okla. 425, 99 Pac. 153; *Curtis & Gartside Co. v. Pribyl,* 38 Okla. 511, 134 Pac. 71, 49 L. R. A. (N S.) 471; *Chicago, R. I. & P. R. Co. v. Duran,* 38 Okla. 719, 134 Pac. 876; *Great Western Coal & Coke Co. v. Coffman,* 43 Okla. 404, 143 Pac. 30.

But the court, without objection upon the part of the plaintiff, went further, and instructed the jury, in substance, that if they should further find that it was practicable to equip said saw with such spreader, and the defendant negligently failed to do so, and as a direct and proximate result thereof the deceased was injured while in the exercise of due care upon his part for his safety, then plaintiff was entitled to recover. This instruction merely submitted to the jury the ordinary common-law liability of the defendant for the failure to furnish to the deceased, as its employee, a reasonably safe place in which to work, and reasonably safe tools and appliances or machinery with which to work, and the cause of action embraced in this instruction was not founded upon a violation of any statutory duty. When the court gave this instruction to the jury without objection by the plaintiff, the defendant was then entitled to have submitted as a defense to this cause of action instructions embodying the defense of assumption of risk. *Neeley v. S. W. Cotton Seed Oil Co.,* 13 Okla. 356, 75 Pac. 537, 64 L. R. A. 145; *M., K. & T. R. Co. v. Wilhoit,* 160 Fed. 440, 87 C. C. A. 401; *Coalgate Co. v. Hurst,* 25 Okla. 588, 107 Pac. 657.

It is further contended that the court erred in submitting to the jury the issue of contributory negligence, and it is contended that, by reason of the statute relied upon, making it the duty of the master to guard machinery, he is deprived of the defense of contributory negli-

gence. The question has not heretofore been squarely passed upon by this court, but in previous decisions the question has been incidentally considered. In the case of *Curtis & Gartside Co. v. Pribyl*, 38 Okla. 511, 134 Pac. 71, 49 L. R. A. (N. S.) 471, an instruction was given which charged the jury, in substance, that if the ripsaw of defendant was not equipped with a loose pulley, and plaintiff was injured by reason thereof, without contributory negligence on his part, he would be entitled to recover. The giving of the instruction was assigned as error, but this contention was overruled by the court. In the case of *San Bois Coal Co. v. Resetz*, 43 Okla. 384, 143 Pac. 46, this court held that, as the testimony conflicted on the question of contributory negligence, the same was a question for the jury. The general rule upon this subject is stated in 8 Thompson on Negligence, sec. 210:

"Though the violation of a statutory duty may constitute negligence *per se*, and is actionable when injury results therefrom, yet statutes imposing such duties are not construed to abrogate the ordinary rules of contributory negligence, unless so worded as to leave no doubt that the Legislature intended to exclude the defense."

See, also, 26 Cyc. 1230; Labatt, Master & Servant, 1648; *Narramore v. Cleveland, C., C. & St. L. R. Co.*, 96 Fed. 298, 37 C. C. A. 499, 48 L. R. A. 68; *Pittsburg & W. Coal Co. v. Estievenard*, 53 Ohio St. 43, 40 N. E. 725; *Victor Coal Co. v. Muir*, 20 Colo. 320, 38 Pac. 378, 26 L. R. A. 435, 46 Am. St. Rep. 299; *Holum v. Chicago & St. P. R. Co.*, 80 Wis. 299, 50 N. W. 99; *Taylor v. Carew Mfg. Co.*, 143 Mass. 470, 10 N. E. 308; *Sutton v. Des Moines Bakery Co.*, 135 Iowa, 390, 112 N. W. 836; *Huss v. Heydt Bakery Co.*, 210 Mo. 44, 108 S. W. 63; *Mammoth Vein Coal Co. v. Bubliss*, 83 Ark. 567, 104 S. W. 210; *Balzer v. Waring*, 176 Ind. 585, 95 N. E. 257, 48 L. R. A. (N. S.) 834; *Swick v. Ætna Port. Cement Co.*, 147 Mich. 454, 111

N. W. 110; *Hunter v. Washington Pipe & Tunnel Co.*, 43 Wash. 167, 86 Pac. 171.

It is further urged that, even though it was proper to submit the defenses of assumption of risk and of contributory negligence, the instructions are erroneous as a matter of law, in that they invade the province of the jury, and do not correctly submit these defenses, as required by section 6, art. 23, Const.; and in support of this position it is claimed that the court repeatedly charged the jury that, if they found this fact or that fact to be true, they must find for the defendant. Under the constitutional provision referred to, the defense of contributory negligence or of assumption of risk is in all cases whatsoever a question of fact, and must at all times be left to the jury. *C., R. I. & P. R. Co. v. Duran, supra; Osage Coal & Mining Co. v. Sperra,* 42 Okla. 726, 142 Pac. 1040; *St. L. & S. F. R. Co. v. Long,* 41 Okla. 177, 137 Pac. 1156.

The criticism leveled at the instructions is that the court charged the jury that, if they found this fact or that fact to be true, they must find for the defendant; but it is not pointed out to the court in the brief of counsel what particular fact or facts were referred to by the court as constituting contributory negligence or assumption of risk. We have carefully examined the instructions complained of, and are of the opinion that they fairly submit the questions of contributory negligence and assumption of risk, and that, while they may be subject to some criticism, yet, taking the instructions as a whole, there was no prejudicial error committed by the court in the giving of its instructions.

It is also contended that the court erred in denying a new trial on the ground of newly discovered evidence. There appears in the record affidavits of Maude A. Jones, Frank P. Shepard, and Ben Hall, and these affidavits show that after the verdict in the case plaintiff discovered that

the machine in question was not provided with a belt shifter or other contrivance for the purpose of throwing on or off belts, and was not provided with a loose pulley, and that it was practicable to provide said machine with same. There was no allegation in the petition that the machine was defective in this respect, and that defendant had been negligent in failing to provide said machine with said belt shifter or loose pulley; and, under the allegations of the petition, the evidence would probably have been inadmissible without amendment. *Chambers v. Van Wagner*, 32 Okla. 774, 123 Pac. 1117. Besides, the application was addressed to the discretion of the trial court, and, in the absence of an abuse of that discretion, the action of the court upon the motion will not be reversed. It appears from the record that several witnesses testified for plaintiff who were familiar with the condition of the machine before and at the time of the accident; and, inasmuch as it is necessary on a motion for a new trial on the ground of newly discovered evidence to show that the applicant used due diligence to procure and present the evidence, and the question as to whether sufficient diligence be shown is a question for the court to whom the motion is directed, we cannot say, on an examination of the record, that the court committed an abuse of discretion in overruling the motion. *McCants v. Thompson*, 27 Okla. 706, 115 Pac. 600; *Burns v. Vaught*, 27 Okla. 711, 113 Pac. 906; *Hobbs v. Smith et al.*, 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697.

The action of the court in excluding certain evidence, offered by the plaintiff is also complained of. At the trial plaintiff offered in evidence records of the department of labor showing the report of the factory inspector on the mill of defendants for the years 1910 and 1911, and these reports were offered for the purpose of showing that certain orders were given by the factory inspector with refer-

ence to certain machinery of the defendant. It appears from the record, and is conceded, that the reports do not refer to the machine at which deceased came to his death, but to another and a different machine, of a different style and make, and in a different part of the building, and the reports so offered were excluded by the trial court for that reason. It appears that the facts stated in the reports were testified to by witnesses in oral examination, which oral testimony was admitted without objection. Under these circumstances, we think there was no error in the ruling of the court thereon. *Miller v. National Eng. & Stamp. Co.*, 116 Ill. App. 99; *Trott v. C., R. I. & P. R. Co.*, 115 Iowa, 80, 86 N. W. 33, 87 N. W. 722.

The judgment of the trial court is, therefore, affirmed.

All the Justices concur, except KANE, C. J., not participating.