ENID MILL & ELEVATOR CO. v. KESTER.

No. 7250—Opinion Filed May 2, 1916.
(157 Pac. 355.)

1. **Master and Servant—Injuries to Servant —Contributory Negligence—Statutory Provision.**

In an action to recover damages for injuries resulting from a failure to comply with the factory act (Rev. Laws 1910, sec. 3746) as to properly guarding machinery, the defense of contributory negligence by plaintiff may be interposed.

2. **Negligence—Actions—Question for Jury.**

Where an issue of contributory negligence is raised by the pleadings, and there is any evidence to support such defense, the question of whether or not the plaintiff was guilty of contributory negligence is one of fact which should be submitted to the jury.

(Syllabus by Collier, C.)

Error from District Court, Garfield County; James W. Steen, Judge.

Action by Ada Kester against the Enid Mill & Elevator Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Sherman & Landon and Jno F. Curran, for plaintiff in error.

Garber & Kruse, for defendant in error.

Opinion by COLLIER, C. In this action the defendant in error sought to recover damages on account of the death of her husband as the result of injuries received in an accident at the mill of the plaintiff in error by reason of the failure of plaintiff in error to comply with the terms of the factory act (Rev. Laws 1910, sec. 3746) requiring machinery to be properly guarded. Hereinafter the parties will be designated as they appeared in the trial court. The jury found for the plaintiff in the sum of $9,000, and judgment was rendered in accord with the verdict, to which the defendant duly excepted. The defendant timely moved for a new trial, which was overruled and excepted to, and to reverse said judgment this appeal is prosecuted.

The uncontradicted evidence shows that the defendant was guilty of negligence which caused the death of plaintiff's husband by failing to properly guard the machinery with which the plaintiff's husband came in contact, resulting in his death. The evidence further discloses that no one was present when the deceased received the injuries from which he died; that certain parts of the machinery had been removed, and that there had been suspended over the point at which said machinery had been removed an electric light; that the duties of the deceased were those of oiler. The only evidence as to how the injury occurred is a statement of the deceased immediately preceding his death, in which he stated, in reply to the question as to how the accident happened, that he was reaching for the light.

The defendant pleaded as a defense the contributory negligence of deceased in reaching for the light, which was suspended above the machinery from which the guard had been removed, and this defense of contributory negligence the plaintiff by reply denied, and thereby the issue was raised as to whether or not the deceased was guilty of contributory negligence which resulted in his death.

The question of contributory negligence which resulted in the death having thus been made an issue, the same became a question of fact for the jury. Williams' Constitution, art. 23, sec. 6, provides that the defense of contributory negligence shall in all cases be a question of fact, and shall at all times be left to the jury. St. L. & S. F. R. Co. v. Hart, 45 Okla. 659, 146 Pac. 436.

Among other instructions the court gave the following, which was duly excepted to:

"Instruction No. 2. The jury is instructed that, if you find from a fair preponderance

of the evidence in this cause that the deceased, Charles P. Kester, while in the performance of his duties, received his injuries as the proximate result of the unguarded shaft and set screws, then the defendant is guilty of negligence, and the defense of assumption of risk and contributory negligence is not available to the defendant, and your verdict should be for the plaintiff."

That the defense of contributory negligence in an action based upon failure to comply with the "factory act" by properly guarding machinery may be interposed as a defense has been settled in this jurisdiction.

In Jones v. Oklahoma Milling & Mfg. Co., 47 Okla. 477, 147 Pac. 999, it is held:

"In an action for damages * * * alleged to have resulted from a violation of a statutory duty imposed upon a master, the contributory negligence of the person injured may be urged as a defense thereto, unless such defense is excluded by the statute."

The general rule upon this subject is stated in 8 Thompson on Negligence, 210:

"Though the violation of a statutory duty may constitute negligence per se, and is actionable when injury results therefrom, yet statutes imposing such duties are not construed to abrogate the ordinary rules of contributory negligence, unless so worded as to leave no doubt that the Legislature intended to exclude the defense."

See, also, 26 Cyc. 1230; Labatt, Master & Servant, 1638; Narramore v. Cleveland, C., O. & St. L. R. Co., 96 Fed. 298, 37 C. C. A. 499, 48 L. R. A. 68; Coal Co. v. Estievenard, 53 Ohio St. 43, 40 N. E. 725; Victor Coal Co. v. Muir. 20 Colo. 320, 38 Pac. 378, 26 L. R. A. 435, 46 Am. St. Rep. 299; Holum v. Chicago & St. P. R. Co., 80 Wis. 299, 50 N. W. 99; Taylor v. Carew Mfg. Co., 143 Mass. 470, 10 N. E. 308; Sutton v. Des Moines Bakery Co., 135 Iowa, 390, 112 N. W. 836; Huss v. Heydt Bakery Co., 210 Mo. 44, 108 S. W. 63; Mammoth Vein Coal Co. v. Bubliss, 83 Ark. 567, 104 S. W. 210; Balzer v. Waring, 176 Ind. 585, 95 N. E. 257, 48 L. R. A. (N. S.) 834; Swick v. Ætna Port. Cement Co., 147 Mich. 454, 111 N. W. 110; Hunter v. Washington Pipe & Foundry Co., 43 Wash, 167, 86 Pac. 171.

Whether or not the reaching for the light under the circumstances detailed in the cause constituted contributory negligence was a fact which the jury alone were entitled to determine, and the court committed reversible error in giving said instruction No. 2.

There are various other errors assigned in this case, but, as the error pointed out must result in a reversal of the cause, we deem it unnecessary to review them.

This cause should be reversed and remanded.

By the Court: It is so ordered.