## BARTLESVILLE ZINC CO. v. JAMES.

No. 7281—Opinion Filed July 24, 1917.

(166 Pac. 1054.)

**1. Trial—Directed Verdict—Motions.**

It is not error for the court upon the conclusion of the evidence for plaintiff in a personal injury suit, where the amount of the damage sustained is not precisely determined by the evidence, to overrule a motion of the defendant for an instructed verdict for plaintiff in a given sum.

**2. Same—Effect of Motion.**

Where a motion is made by a defendant for an instructed verdict for the plaintiff in a given sum, which motion is overruled, such motion is an admission of liability, and a motion made immediately thereafter for a directed verdict for the defendant is properly overruled.

**3. Appeal and Error — Review—Harmless Error—Evidence.**

A case will not be reversed on account of the admission or refusal to admit evidence, unless such action of the court results in a miscarriage of justice, or constitutes a substantial violation of a constitutional right.

**4. Appeal and Error — Briefs—Waiver of Errors.**

Error in refusing instructions, excepted to and assigned as error, but which alleged errors are not argued in brief of complaining party, will be regarded as waived, and will not be considered by this court.

**5. Master and Servant — Injuries to Servant — Assumption of Risk — Guarding Machinery**

Where injury results to an employe from failure to comply with section 3746, Revised Laws 1910, as to property guarding machinery, the assumption of risk by the employe cannot be invoked as a defense.

**6. Same—Negligence.**

Failure to properly guard machinery, as required by section 3746, Revised Laws 1910, commonly known as the "Factory Act," is actionable negligence.

**7. Appeal and Error—Review—Verdict.**

Where the evidence is in conflict, and there is evidence which reasonably tends to support the verdict, and the jury is properly instructed, and the verdict approved by the trial court, this court will not disturb the verdict.

**8. Damages—Personal Injuries —Measure.**

Where the injury received by reason of a failure to properly guard machinery as required by the "Factory Act" results in the practical loss of an eye of an employe 54 years old, an experienced blacksmith. who prior to the time of receiving the said injury had good eyesight, and whose earning capacity was reduced by reason of such injury. a verdict of $1,500 is not excessive.

(Syllabus by Collier. C.)

Error from District Court, Rogers County; T. L. Brown, Judge.

Action by R. T. James against the Bartlesville Zink Company. There was a judg-

ment for plaintiff, and defendant brings error. Affirmed.

C. B. Holtzendorff, V. C. Mieher, H. Tom Kight, and P. W. Holtzendorff, for plaintiff in error.

H. B. Martin, A. F. Moss, and R. K. Dumbell, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error, hereinafter designated plaintiff, against the plaintiff in error, hereinafter called defendant, to recover for personal injuries alleged to be due to failure of the defendant to properly guard an emery wheel operated in a smelter at Collinsville, in which the plaintiff was an employe.

The uncontradicted evidence is that the plaintiff was fifty-four years of age, and a blacksmith of much experience; that there were two emery wheels being operated in the plant of the defendant, said wheels being located about 18 inches apart, one of which was used by plaintiff and other employes of defendant who were employed as blacksmiths in said plant "to condition tools," and the other of said wheels was used by other employes of said defendant in sharpening and conditioning sheet iron and coarser materials; that, while the plaintiff was grinding a "coal cutter" at one of the said emery wheels, another employe of the defendant began grinding a piece of iron on the other emery wheel, from which particles flew, and two or three of said particles struck the plaintiff in the eye; that when the said fragments struck plaintiff's eye they caused him pain and partially blinded him; that one of plaintiff's helpers took out of plaintiff's eye one of said particles, a doctor took out another, and in about two months after the injury was inflicted the plaintiff himself took out of his eye a third particle; that immediately after receiving the injury complained of the plaintiff went to Dr. Hill, who examined, dressed, and bound up his eye, and directed him to go to a specialist, and upon this advice and the advice of the superintendent of the defendant he went to see Dr. Morgan, in Sapulpa, and afterwards went to see a Dr. Cook: that his eye continued to hurt him something like five or six months; that the pain was pretty sharp; that plaintiff's eye bothered him so that he could not see his rule to follow up his figures on his square: that he could not see without glasses: that prior to the accident his eyesight was good and strong: that prior to the accident he did not wear glasses to read, but sometimes in his work, when he came in contact with a bright fire, he had used glasses

to protect his eyes from the fire; that after the accident he could see with the injured eye only to detect daylight from dark; that he noticed no change in the condition of the injured eye from the time of the injury to the time of the trial; that the plaintiff expended $18.50 for medical services and medicine; that treatment of the injured eye continued from the time the eye was hurt until a short time prior to the trial; that at the time he was injured he was earning $3 per day, or 30 cents an hour; that after the injury he worked for the defendant several months, when he was discharged, and to the best of his knowledge he was discharged because he could not do the work any more.

Exceptions were saved by the defendant to the admission and to the rejection of evidence, which said evidence we deem it unnecessary to set out. Upon the conclusion of the evidence for the plaintiff the defendant made the following motion:

"Comes now the defendant, and moves the court to instruct the jury to find a verdict in favor of the plaintiff and against the defendant in the sum of $5 in this case, for the reason that there has been no damage done for any sum over $5."

This was refused. Thereupon the defendant moved the court to instruct the jury:

"That under the law and evidence in this case it would be their duty to return a verdict in favor of the defendant and against the plaintiff in this case."

Which motion was overruled and exception saved.

The evidence, which we deem not necessary to set out, as to whether or not the emery wheel was the agency which caused the injury complained of, was in conflict. We are unable from the record to verify the statement in defendant's brief that at the close of plaintiff's evidence the defendant demurred to the evidence and same was overruled. Had such demurrer been interposed, it would have been proper to overrule the same.

"Instruction No. 3. The court instructs the jury that, in the event you find for the plaintiff, you will fix the amount of his recovery at such sum as you find, from all of the evidence in the case, will in your judgment reasonably compensate for the injury resulting to him as shown by the proofs in the case: that you will take into consideration, in fixing the sum, the pain and suffering, if you believe the plaintiff has suffered pain from said injury. the loss of time, if any has been proved. the impairment or loss of plaintiff's eyesight, if you find from the evidence that his eyesight has been impaired or lost because of the injuries

complained of, and the permanency of his injuries, if you find they are permanent, and whatever reasonable sum, if any, you find from the evidence the plaintiff has been obliged to expend in procuring necessary treatment for his injuries, in all, however, not to exceed the amount sued for.

"Instruction No. 4. The court instructs the jury that the statutes of this state require owners and operators of factory machinery to properly guard the same for the purpose of preventing injury to their employes, and if you should find from the evidence in this case, by a preponderance thereof, that plaintiff while working in the employ of the defendant company, was injured because of the failure of the defendant to provide the machinery from which the plaintiff's injury, if you believe 'from the evidence he was injured, was caused, with proper safety appliances, then in that event, the failure of the defendant was the cause or contributing cause of said injury, the defendant is liable, and your verdict should be for the plaintiff, for such damages as in your judgment will compensate him for the injury he has suffered, not to exceed, however, the amount sued for.

"Instruction No. 5. The court instructs the jury that the defendant has pleaded in this case that the plaintiff's injury, if he received any, arose from the ordinary risk of his employment, which he assumed in entering upon such employment with the defendant, and in this connection the court tells you that if you believe from all the evidence in this case, by a preponderance thereof, that the failure of the defendant to properly safeguard its machinery near which the plaintiff's work was carried on, if you should find that the machinery was not safely guarded, then such risk as a matter of law is not assumed by the plaintiff, and the defendant would be liable for any damage occasioned by its failure to properly safeguard such machinery."

To the giving of said instructions the defendant separately excepted. The defendant requested the giving of two other instructions than the one requesting a directed verdict for the defendant, which were refused by the court, and exceptions separately saved thereto, and which instructions, for reasons hereinafter stated, we deem unnecessary to set out. The jury returned a verdict in favor of the plaintiff in the sum of $1,-500, to which the defendant duly excepted. Timely motion was made for a new trial, which was overruled, excepted to and error brought to this court.

We are first met with a motion to dismiss the appeal, which after careful consideration we hold cannot properly be sustained. We are of the opinion, and so hold, that the motion of the defendant to direct a verdict for plaintiff in the sum of $5 was not well taken, invited the court to invade the province of the jury, and was properly overruled. There being, at the stage of the trial at which the defendant requested the court to instruct the jury to return a verdict for the defendant, unquestioned evidence that the plaintiff was injured by the negligence of the defendant in failing to properly guard the emery wheel as required by the "Factory Act," the refusal of the court to direct a verdict for the defendant was free from error.

The practice indulged in this trial by the defendant first moving for a directed verdict for the plaintiff, in a given sum, and, upon refusal of such motion, moving for a directed verdict for the defendant, presents, to say the least, a novel practice, and we think, and so hold, that the motion of the defendant for a directed verdict for the plaintiff estops the defendant from asking that a verdict be directed in its favor, the first-named motion admitting, in open court in the trial of the cause, the liability of the defendant for actionable negligence; both of said motions being made by the defendant prior to the introduction of evidence on the part of the defendant tending to show that the defendant had not failed to properly guard the emery wheel as required by section 3746, Revised Laws.

While the action of the court as to admitting and refusing to admit certain evidence may be, as to some of the said evidence complained of, subject to criticism from a strictly technical view, we are of the opinion, and so hold, that the action of the court in regard to such evidence was not so prejudicial to the defendant as to warrant a reversal of this cause. It is a statutory requirement (Section 6005, Revised Laws 1910), that a cause shall not be reversed "for the improper admission or rejection of evidence," unless the error complained of "has probably resulted in a miscarriage of justice or constituted a substantial violation of a constitutional right," which we think has not occurred in this case.

We are of the opinion, and so hold, that instructions 3, 4 and 5, given by the court and excepted to by the defendant, each correctly states the law, and the giving of the same was free from error. That the court erred in refusing the instructions asked by the defendant is not argued in defendant's brief, and hence such alleged errors are waived, and therefore said instructions are not set out in the statement of the case by us, and will not be considered.

The contention of the defendant that the plaintiff assumed the risk of a failure to

properly guard the emery wheel is not an open question in this jurisdiction; the same having been held adversely to said contention in the well-considered case of Jones v. Okla. Planing Mill & Mfg. Co., 47 Okla. 477. 147 Pac. 999, in which it is held:

"In an action for damages alleged to have occurred as a direct and proximate result of the failure of a master to properly guard a circular saw, as required by section 3746. Revised Laws 1910, the defendant cannot take advantage of * * * an assumption of risk."

To properly protect its employes from injury by properly guarding its machinery was a duty imposed upon the defendant, and if the defendant violated this statutory duty it was guilty of negligence per se. Jones v. Oklahoma Planing Mill and Mfg. Co., 47 Okla. 477, 147 Pac. 999; Enid Mill & Elevator Co. v. Kester, 59 Okla. 13, 157 Pac. 355.

The only seriously disputed fact involved in this case is as to whether or not the emery wheel which threw off the particles which caused the injury complained of was properly guarded, and the evidence in relation thereto being in conflict, and there being evidence to reasonably sustain the allegations that the emery wheel was not properly guarded, and there being undisputed evidence of the infliction of the injury complained of, and the cause being submitted to the jury under proper instructions, we are powerless to disturb the verdict of the jury, as has been repeatedly held by this court.

The contention of the defendant that the verdict of the jury is the result of "prejudice and passion, and is excessive," we think, and so hold, cannot be sustained, for, if no further loss or injury was suffered by the plaintiff by reason of the negligence of the defendant in failing to properly guard the emery wheel, the agency by which the injury was done, than the practical loss of the sight of one of plaintiff's eyes, the verdict properly guarded the interest of the defendant, and cannot be said to have been influenced by prejudice and passion, nor is the verdict large enough to indicate that the trial of the cause has resulted in a miscarriage of justice. City of Lawton v. Hills, 53 Okla. 243, 156 Pac. 297. The rule laid down by Chancellor Kent in the case of Coleman v. Southwick, 9 Johns. (N. Y.) 45, 6 Am. Dec. 253, to authorize a court to reverse or modify a verdict on the ground that the verdict is excessive, is as follows:

"The damages, therefore. must be so excessive as to strike mankind, at first blush, as being, beyond all measure, unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line; for they have no standard by which to ascertain the excess."

In the case of Cleveland, C., C. & St. Louis Ry. Co. v. Hadley, 170 Ind. 204, 82 N. E. 1025, 84 N. E. 13, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1, in refusing to disturb a verdict of $10,000, the court said:

"The general principle is well established that this court will not reverse the judgment of the court below in refusing to grant a new trial on the ground of excessive damages, unless at first blush, the damages assessed appear to be outrageous and excessive, or it is apparent that some improper element was taken into account by the jury in determining the amount (citing authorities). The determination of the extent of the injury complained of, and the proper compensation therefor, were peculiarly within the province and power of the trial jury, and when its judgment has been fairly obtained, and, in the light of all the incidents of the trial, confirmed by the presiding judge, an abuse of this right and power must be clearly manifest to warrant an appellate court in disturbing the judgment on the ground of excessive damages."

In Lee v. Southern Pac. R. Co., 101 Cal. 118, 35 Pac. 572, it was said:

"These cases hold that in actions of this character the law does not attempt to fix any precise rules for ascertaining what is a just compensation, but from the necessity of the case leaves the assessment of the damages to the good sense and unbiased judgment of the jury, whose province it is to make the assessment; that while the verdict in these cases, as in all others, is subject to review by the court, it will not be disturbed merely upon the ground that the damages are excessive, nor because the opinion of the court differs from that of the jury, but only where it appears that the excess has been given under the influence of passion or prejudice."

Quotations from a few decisions will disclose that, according to precedents of other courts, this verdict is not excessive.

In the case of Tuchy v. Columbia Steel Co., 61 Or. 527, 122 Pac. 36, plaintiff was a fireman in a machine shop. He lost the sight of one eye; was only out of work two months; was receiving $175 per month at the time of the injury, and two months after the injury he received the same amount. Judgment was rendered in his favor for $11,300, which was sustained, with the exception of $950. which was improperly allowed as an element of damage.

In St. Louis. S. F. & T. R. Co. v. Jenkins (Tex. Civ. App.) 137 S. W. 711, plaintiff

was helper to a boiler maker. The injury was the loss of one eye. A verdict for $11,-000 was sustained.

In Ribich v. Lake Superior Smelting Co., 123 Mich. 401, 82 N. W. 279, 48 L. R. A. 649, 81 Am. St. Rep. 215, the suit was for the loss of an eye. A verdict for $15,000 was cut to $10,000 and affirmed.

It follows that the court was free from error in overruling the motion for a new trial.

This cause is affirmed.

By the Court: It is so ordered.